THE COLORADO CONSOLIDATED LAND AND WATER COMPANY v. HARTMAN.

MEASURE OF DAMAGES.

The measure of damages for the destruction of growing crops by water from an irrigation ditch is the value of the crops in the condition they were at the time of the injury.

*Appeal from the District Court of Montezuma County.*

Mr. S. W. CARPENTER, for appellant.

Mr. CHARLES A. JOHNSON and Mr. C. W. BLACKMER, for appellee.

REED, J., delivered the opinion of the court.

Appellee brought suit against the appellant for injury to land and destruction of crops by water from the ditch of the defendant in the years from 1889 to 1891, both inclusive. The case was tried to a jury, resulting in a verdict for the plaintiff (appellee) of $1,500, judgment upon the verdict, and an appeal to this court.

Only one question is relied upon in argument and necessary to be considered by this court, viz., the proper measure of damage. It is stated in the bill of exceptions as follows : "Certain evidence was offered by plaintiff in support of the allegations in his complaint herein as to the alleged destruction of the growing crops of plaintiff by the wrongful acts of defendant company, to wit: how much per acre the said crops were worth in their condition and stage of growth upon the land at the time of the alleged destruction thereof; that the defendant company, by its attorney, then and there objected to the admission of said evidence, on the ground that the same was incompetent, and that the proper measure of damages in case of destruction of growing crops is the

rental value of the land for the season during which the crops were grown thereon; that the court overruled said objection, and admitted the said evidence; to which ruling of the court said defendant company, by its attorney, then and there duly excepted."

In the argument of counsel it is urged, as stated above, that the proper measure of damage was the rental value of the land, not the value of the crop at the time of its destruction. But one authority is cited by counsel in support of his contention, from 1 Sedg. on Dam., sec. 184, under the heading, " *Damages for Obstructing the Use of Land*," where it is said: " When the owner of land is wrongfully prevented from occupying it, the measure of his damages is the value of the use of the land; that is, its rental value. So where the plaintiff's farming land was wrongfully overflowed by the defendant the measure of damages is the use of the land, not the value of the crops that might have been raised on it." Its want of applicability will be apparent when it is seen that this action was not for an eviction or keeping the owner out of possession, but for the value of growing crops on land in the possession and occupancy of the plaintiff, and in case of keeping the owner out of possession, it is said in a subsequent part of the same section: " But since the rent depends upon the nature of the land, that may be shown; and as the net profits realized from the use of it affords the best indication of the value of its use, they may be shown if they can be proved with reasonable certainty." Had counsel turned to sec. 191 of same volume, he would have found the following under the head of " Injury to Crop," where the author says, after citing *Payne v. Railroad, etc., Co.*, 38 La. Ann. 164, and *Rice v. Whitmore*, 74 Cal. 619: " In cases such as the last two, the rule, in the light of principle, would seem to be the value of the use of the land, evidence of the average value of the crop of that or other years being admissible."

In 1 Suth. on Dam., 793, it is said: " To ascertain the value of a growing crop damaged by an overflow of water, it is competent to ask a witness, conversant with the growth

of such crops, how much, in his opinion, a given field would produce per acre." See, also, *Phillips v. Terry*, 5 Abb. N. S. 327.

In *Lommeland v. Railroad Co.*, 35 Minn. 412, it was said: "For the destruction of growing crops by a flooding from a railroad ditch, the measure of damages is the value of the crops in the condition they were at the time of the injury."

In *Seely v. Alden*, 61 Pa. St. 302, it was said : "In general, the rule for the measure of damages in cases of tort may be said to be that which aims at actual compensation for the injury; and whatever ascertains this, is proper evidence to be submitted to the jury." See, also, *McKnight v. Ratcliff*, 8 Wright (Pa.) 168; *Douty et al. v. Bird et al.*, 10 P. F. Smith (Pa.) 48 ; *Forsyth v. Palmer*, 2 Harris (Pa.) 98.

Upon principle this would seem to be the true rule of compensation—the value of the crops at the time of their destruction. It will at once be apparent that the rule of the rental value of the land cannot be the true one, it giving no compensation for the preparation of the ground, value of seed, planting, care and irrigation. The trouble is in arriving at the value of an immature growing crop. If it had an established market value the task would be an easy one; as it has not, the value and evidence establishing it is more or less speculative, and a crop before maturity is subject to so many possible injuries, that great care should be exercised not to give it a prospective or speculative value. But in order to establish the value at the time of the destruction courts are compelled to resort to several methods of computation, and either, or all combined, may afford a fair basis. One might be a year's rental value, with the cost of planting and bringing forward the crop until the time of its loss ; another, what the crop would bring in its immature state at a sale ; and a third, the proof of the average yield and the market value of crops of same kind planted and cared for in the same manner, less the cost of maturing, harvesting and marketing. While neither would afford positive proof, they would all seem to

be proper, and the only way by which a jury could get the necessary data upon which to base a verdict.

The question to be determined by the jury was the value of the crop at the time of the destruction. The supposed error, and the only one relied upon, was allowing witnesses to testify: "*How much per acre the said crops were worth, in their condition and stage of growth, upon the land at the time of the alleged destruction thereof.*" There does not appear to have been any objection to the witnesses for lack of knowledge or competency; no objection that a proper foundation had not been laid. From all that appears, the true value might be arrived at directly in this way. If such was the case, it would be much more satisfactory than by any other method.

The measure of damages adopted by the court was, by the authorities, the correct one, and as no objection was made to the competency of witnesses to testify directly to the value, it would appear to have been the most satisfactory and direct method of establishing the value. This supposed error, being the only one relied upon for reversal, the judgment must be affirmed.

*Affirmed.*