## BOWERS v. GRAVES & VINTON CO.

1. Where plaintiff contracted to farm defendant's land, and sow certain crops thereon, supply all seeds, labor, machinery, etc., and deliver one fourth of the crop to a certain elevator, title to the crops to remain in defendant, who, on his part, agreed, on the faithful performance of his part of the contract, to deliver to plaintiff three-fourths of the crops so produced, such contract is not one of hire, but in the nature of an adventure.

2. On breach by defendant, the measure of plaintiff's damages is not the value of his services in sowing and harvesting the crop, but the value of his share thereof.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action on contract. A motion to strike out plaintiff's claim for damages having been sustained, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*J. H. Hauser*, for appellant.

If the contract had been completed, or fully performed by the employe, then the damages or compensation is expressed in the contract; but when the contract is broken by the em-

ployer then the employe has two remedies, either of which he can elect to pursue, but not both.   He can recover on a *quantum meruit*, treating the contract as rescinded, or he may sue on the contract and recover damages, including the wages earned.   Sutherland on Damages, 2nd Ed., §§ 692-713; Hartman v. Rogers, 69 Cal. 643; Marquis v. Laretson, 76 Iowa 23; Cadman v. Markle, 5 L. R. A. 707; S. C. 43 N. W. 315; Mooney v. York Iron Co., 46 N. W. 376; Boyce v. Martin, 9 N. W. 265; Hemminger v. Western Assur. Co., 54 N. W. 949; Chicago v. Tilley, 103 U. S. 146.

*John H. Perry*, for respondent.

This contract is what is termed a cropper's contract; the parties thereto are tenants in common in the crops; and it is in the nature of a lease, with possession of the land in appellant. 4 Am. & Eng. Ency. of Law; 895, 896, 897.

CORSON, P. J.   The plaintiff set out in his complaint a contract, from which it appears that the plaintiff agreed, for the consideration thereinafter named, "to well and faithfully till and farm, during the season of farming in the year 1894, in good and husbandlike manner   and   according   to   the   usual course of husbandry," a certain tract of land described, and the plaintiff agree to sow and plant the said land in  such  crops as the defendant should direct.   The plaintiff also agreed "to furnish, at his own cost and expense, all seed, and all proper and convenient tools, teams, utensils, farm implements, and machinery, and to furnish and provide all  proper  assistance and hired help in and about the culivation and  management of said farm."   Here follow numerous provisions common in such contracts.   The contract further provides that, until after the delivery thereinafter specified, "the title and possession of all the hay, grain, crops and produce on said premises shall be and remain" in the defendant.   It was further agreed that said plaintiff should deliver one-fourth of all grain or other farm produce, at an elevator named, free of all cost to defendant.   It

was further agreed that the plaintiff might plant and cultivate 10 acres in corn, and retain the entire products under certain conditions therein named. The contract contained the further stipulations: "In consideration of the faithful and diligent performance of the foregoing stipulations by the party of the first part, the party of the second part agrees, upon the reasonable requests thereafter made, to give and deliver on said farm, the three-fourths of all grains, vegetables, and other farm produce so raised and secured upon said farm during said season." The complaint further alleges that, in the spring of 1894, the plaintiff prepared 105 acres of the said land, sowed and planted the same, and harvested and stacked 60 acres of the wheat, and alleges: "The plaintiff further shows that it was reasonably worth the sum of $4 per acre to plow and prepare, to furnish seed, machinery, and teams, and properly put in, as was done by this plaintiff, the above described 105 acres of wheat; that it was reasonably worth the sum of $1 per acre to harvest the 60 acres of wheat above described; that it was reasonably worth the sum of $6 per acre to plow and prepare the ground, and plant the corn and cultivate the same, as was done by this plaintiff upon the 10 acres of corn above described. The plaintiff further shows that, after the said grain was planted, and the said corn was cultivated, the defendant refused to allow this plaintiff to harvest or thresh said grain, or to gather said corn, and has refused to deliver to the plaintiff three-fourths of the wheat so raised upon said land, or any part thereof, and has refused to deliver to the plaintiff all of the corn grown upon said land, or any part thereof, and has refused to allow said plaintiff to remove any of said corn or grain, or to apply the same to his own use. The plaintiff further shows that the work so performed by this plaintiff for the defendant, and the materials furnished as hereinbefore set forth, were reasonably worth the sum of $540. Wherefore the plaintiff demands judgment against the defendant for the sum of $540, besides his disbursements and costs." The defendant moved to strike out the first paragraph

above copied, relating to the value of the services per acre for plowing the same, upon the following grounds: "(1) The said portion of said complaint is irrelevant; (2) that said portion of said complaint is redundant; (3) that said portion of said complaint does not allege the correct measure of damages." This motion was granted and from the order granting the same the plaintiff appeals.

The respondent's counsel suggests, in his brief, that the order is not an appealable one; but, as no motion was made to dismiss the appeal, we do not deem it necessary to pass upon that question, and shall assume, for the purposes of this decision, that the appeal is properly before us.

The appellant contends that, the defendant having, as alleged in the complaint, prevented him from completing his contract, he is entitled to recover of the defendant what his services were reasonably worth, and hence the allegation stricken out is a proper one in the complaint, and striking it out was error. The respondent contends that the contract does not create the relation of master and servant between the parties and hence that the only damages plaintiff could in any event recover are the value of his three fourths interest in the crop raised, less the expense of harvesting and threshing the same. The contract in this case belongs to that class of contracts for the cultivation of lands for a share of the crop that has given rise to much diversity in the decisions of the courts as to their nature and the measure of damages for a breach of the same. Some courts have been inclined to regard them in the nature of leases and to apply to them the rules applicable to breaches of contracts for leasing. Other courts have treated them as more in the nature of contracts for hire, the services to be paid for by a share of the crop. Porter v. Chandler, 27 Minn. 301, 7 N. W. 142; Am. & Eng. Enc. Law, pp. 897-899. Much of this diversity in the decisions has undoubtedly arisen by reason of the various stipulations in such contracts, in which slight changes in their terms have produced important differences in the views

of courts as to the character of the contracts and the rules that should govern the measure of damages for breach of the same. Warner v. Abbey, 112 Mass. 355. In the early case of Walker v. Fitts, 24 Pick. 191, the supreme court of Massachusetts, in discussing a contract quite similar to the one before us, says: "The occupant was not the mere servant of the owner. It was not a contract of hire, in which the laborer was to receive a portion of the crop as a compensation for his services. It was not a mere license to enter upon and cultivate the farm, nor a tenancy at will. He had a right to occupy, and an interest in the land. * * * The owner could not exclude him, nor maintain an action against him for anything done in pursuance of the agreement. But what the precise nature and character of his interest was, is not so easily determined." And the court of appeals of New York, in the well-considered case of Taylor v. Bradley, 39 N. Y. 129, take the same view of contracts of this class, and hold that such contracts are special, and partake somewhat of the nature of an adventure, entitling the party to a chance in the profits or benefits derivable therefrom. This seems to us to be the most satisfactory view of such contracts, and one that more nearly carries out the intention of the parties than any other. That such is the nature of the contract before us seems clear from its terms. It will be noticed that the plaintiff is to furnish all seed, teams, implements, etc., and all hired help required to raise the crop. He is subject to no direction of the defendant, other than to sow and plant said land in such crops as the defendant should direct. He is not subject to the orders, nor under the control, of the defendant, in the performance of his labors. He is in fact, his own master, and master of such help as he might employ. His services are not to be paid for by any definite or fixed standard, but depend entirely upon the nature and value of the crop. If the season is a favorable one, his remuneration may be large; if unfavorable, his crop may be light, and his remuneration or profits small; and the remuneration of the

owner of the land for its use is subject to the same contingencies. In entering into the contract therefore, the plaintiff must be presumed to have taken into consideration all these circumstances, and elected to make the venture, and take the chances of success or failure.

Upon the breach of the contract, as alleged in the complaint, by the defendant, he became liable to the plaintiff for such damages as would compensate him for the detriment proximately caused by such breach (Comp. Laws, § 4581), not exceeding ''the amount the plaintiff could have gained by a full performance" of the contract on both sides (Comp. Laws, § 4617). But the plaintiff cannot claim that, by reason of the breach, the relations of the parties to each other have been changed. If, the plaintiff was not a servant or employe of the defendant under the terms of the contract, he does not become such by the breach thereof. Assuming the facts to be as alleged in the complaint, the plaintiff was entitled to the performance of the contract on the part of the defendant, and to his right to his share in the profits or benefits derivable from the contract, of which he has been deprived by the defendant. His damages, therefore, are the amount of the detriment caused by the breach. In other words, what has the plaintiff lost by reason of the breach on the part of the defendant? Clearly, only what he could have realized from his three-fourths of the crops, except corn, to the whole of which he was entitled, and such other benefits as he was entitled to under the terms of the contract, less the cost of completing the same on his part; or, as stated in Taylor v. Bradley, *supra*, the value of his contract at the time the breach occurred. The plaintiff's claim for damages in this case is quite analogous to that of the plaintiff in Cranmer v. Kohn (S. D.) 64 N. W. 125, in which this court held that the contract itself furnished the measure of damages, and that the plaintiff could not be permitted to prove the monthly value of his services. That, like the case at bar, was an action for a breach of the contract, and the amount that the

plaintiff could have realized as commissions under the contract, was held to be the measure of his damages. There would seem to be no very great difficulty, in ordinary cases, of approximately arriving at the damages an occupier may sustain in this class of cases. The probable amount and value of the crops can be ascertained with reasonable certainty, and such other damages as the party may be entitled to under the contract can be approximately ascertained and recovered. Cranmer v. Kohn, *supra.*

The paragraph stricken out alleged the value of certain labor and services, clearly required to be performed under and as a part of the plaintiff's contract. The defendant had neither directly nor indirectly assumed the payment for any such services, as such, and hence the paragraph was clearly irrelevant, and had no proper place in the complaint. These observations lead to the conclusion that the matter in the paragraph stricken out was properly stricken out. The order of the circuit court striking out the same is affirmed, and the case is remanded for further proceedings according to law.