## CEDARBERG V. GUERNSEY *et al.*

The owner of a farm entered into a contract with another whereby the latter was to carry on the farm for a period of five years and furnish at his own expense all help, tools, teams, and farming machinery, and to cultivate the lands to the best of his skill and judgment, and to pay one-half

the taxes. It was provided that the title and possession of all crops produced on the farm, and all stock placed or produced thereon, except the horses of the occupant, were to be and remain in the owner of the land until it was sold and the proceeds divided; that the owner could terminate the contract at any time by giving 30 days' notice prior to the 1st of October of any year; that, in case the owner furnished any stock under the contract, it should be appraised, and he be entitled to select stock of equal value on the termination of the contract, and that the balance should be sold and the proceeds divided between them; that the owner should have a lien on the crops and increase of the live stock for all advances made by him; and that occupant should account for all sales of produce, which could only be made under the direction of the owner of the land. *Held* not to create a co-partnership.

(Opinion filed September 2, 1899.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Action by Oscar Cedarberg against O. E. Guernsey and another. From a judgment in favor of plaintiff, defendant Guernsey appealed. Reversed.

*Robertson & Dougherty*, for appellant.

*G. R. Krause*, for respondent.

CORSON, P. J. This was an action by the plaintiff to recover of the defendants, as co-partners, a balance due him for services and labor performed upon a farm belonging to the defendant O. E. Guernsey, from October 1, 1895, to October 1, 1896. The defendant Swan Person made no defense to the action, but the defendant Guernsey appeared and answered. Verdict and judgment for the plaintiff, and defendant Guernsey appeals.

The defendant, in his answer, denied that he and Swan Person were at any of the times mentioned in the complaint co-partners; and he alleged that on the 1st of October, 1894, he

entered into a written contract with said defendant Person, in and by the terms of which agreement said Person was to carry on and conduct a certain farm owned by him (said Guernsey,) situated in Minnehaha county, for a period of five years from and after the date thereof. This agreement was set out in the answer in full. On the trial the learned county court charged the jury, in effect, that under and by virtue of this agreement the defendants were partners, and that Guernsey was liable with his co-defendant, Person, for the value of the plaintiff's services, unless the jury should find that the contract was between Person and the plaintiff alone. The jury, having found a verdict for the plaintiff, negatived this fact,—that the contract was between Person and the plaintiff alone. This instruction was excepted to, and hence it becomes necessary to examine the contract, and ascertain if it did in fact create a partnership between the defendants. The contract is too lengthy to be set out in full in this opinion. It follows quite closely the usual farm-cropping contracts, but contains some provisions not usually found in this class of contracts. Its provisions may be summarized as follows: Guernsey, who was the owner of a farm of 320 acres, entered into a contract with his co-defendant, Person, to carry on the same for a period of five years. Among the important provisions of this contract on the part of Person is the following: "And party of the second part [Person] agrees to furnish at his own cost and expense all proper and convenient tools, teams, utensils, farming implements, and machinery to carry on and conduct and cultivate said farm during said season, and to furnish and provide all proper assistance and hired help in and about the cultivation and management of said farm, and to farm and cultivate the said lands to

the best advantage, and according to his best skill and judgment." Person also agreed to pay one-half the taxes. It was further provided in said contract that the title and possession of all hay, grain, crops and produce, horses, cattle, hogs and other stock now or hereafter to be placed upon said premises, except the horses owned and belonging to the party of the second part, should be and remain in the party of the first part until the same should be sold, and the proceeds divided as thereinafter mentioned. It was further provided in said contract that Guernsey, the party of the first part, might terminate the contract at any time, upon 30 days notice prior to the first of October of any year of his intention to so terminate the same. It was further provided in said contract that the stock furnished by the said Guernsey should be appraised, and at the end of the term of the contract he should have the right to select from the stock on hand, which should also be appraised, an amount equal to that furnished by him, and that the balance should be sold, and the proceeds derived therefrom divided. It was further provided that the said Guernsey should retain a lien on all the interests of the said Person in the crops and the increase of the live stock, for such advances as he might make for feed, seed, etc. Provision was also made for an accounting on the part of Person for all sales made by him of the products of the farm, dairy, etc., and it is also provided that sales of the products of the farm could only be made under the direction of Guernsey. There are numerous other provisions in the contract, that we do not deem it necessary to refer to. After a careful examination of the contract, we are satisfied that it does not constitute a partnership agreement between the parties. It is true that the term "division of profits" is used in one

or two instances in the contract, but the term seems to be there used in the sense of division of proceeds after certain deductions are made. In the case at bar, Guernsey and Person were not agents of each other. Guernsey had no right, under the contract to employ laborers on the farm. Neither could Person employ laborers upon the farm at the expense of Guernsey, as he had contracted to furnish all necessary labor at his own expense. Person had no right, as we have seen, to dispose of the products of the farm, except under the direction of Guernsey. Guernsey had a special lien upon all the interests of Person in the farm for any advances he might make for feed, seed, etc. In short, the contract was a purely cropping one, and not a partnership contract. Bowers v. Graves & Vinton Co., 8 S. D. 385, 66 N. W. 931. All cropping contracts have, to a certain extent, the element of division of profits, but such contracts are rarely held to be partnership contracts, They lack two of the essential elements of a partnership, namely, that the parties are mutually principals of and agents for each other, and that the business is carried on on joint account. Grigsby v. Day, 9 S. D. 585, 70 N. W. 881. The intention, also, of the parties must to a great extent control in determining whether their contract is one of partnership or not. It is quite clear in this case that it was not the intent of either of the parties to enter into a partnership contract. Certainly Guernsey, the owner of the land, and a non-resident of this state, could not have intended to enter into a partnership with Person under which he would be bound for all contracts entered into by Person relative to the farm. The respondent contends—and this was evidently the theory of the learned county court—that under the contract in this case, Guernsey and Person were to

conduct their operations at their joint and equal expense, and the net proceeds should be divided between them; but such, in our view, was not the nature of the contract. As will have been noticed, Person was to furnish feed and seed for the first year at his own expense and all the labor during the term of the contract. It is true that Guernsey was to advance the feed for the first year, but he did so only as a loan to Person, and Person agreed to repay the same out of his portion of the crop at the end of the first year. The appraisement of the stock provided for was not for the purpose of making the stock partnership assets, but to enable Guernsey to withdraw stock of the same value at the end of the term, or when the contract should be terminated.

The counsel for respondent relies very largely on the case of Reynolds v. Pool, 84 N. C. 37. In that case it is stated in the opinion of the court that the witnesses agreed that "operations were to be conducted at their joint and equal expense, and the net proceeds to be equally divided between them." Undoubtedly the court properly held in that case that a partnership was created. The fact that operations were to be conducted at their joint and equal expense, and the net proceeds to be equally divided between them, would necessarily make them partners, In the case at bar, however, no such agreement was made. Person was to supply all labor at his own expense, and also furnish all proper and convenient tools, teams, utensils, farming implements and machinery to carry on said farm, at his own expense, and not at the joint expense of himself and Guernsey. The distinction therefore, between the case cited and the one at bar, is very marked.

We are of the opinion, therefore, that, taking into consideration all the provisions of the contract, the court was in

error in holding that the same was a partnership agreement, and that Guernsey was liable under the same to the plaintiff for the balance due him for labor, The judgment of the county court is reversed, and a new trial ordered.