Bryson v. Barrett.

---

No. 22,748.

VIRTULEN C. BRYSON and L. BRYSON, *Appellants,* v. D. M. BARRETT et al., *Appellees.*

SYLLABUS BY THE COURT.

1. FORCIBLE DETENTION—*Controversy Terminated—Question Moot.* Ordinarily an action for the possession of a farm becomes moot when the period of detention of the farm expires before the lawsuit can be decided.

2. SAME—*Motion for New Trial—Excluded Evidence Not Produced—Not Reviewable on Appeal.* The correctness of a ruling of a trial court excluding evidence relating to damages for alleged wrongful detention of property cannot be reviewed on appeal unless the evidence is submitted to the trial court by oral testimony, affidavits, or otherwise, in support of the motion for a new trial, and incorporated in the record on appeal.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed December 11, 1920. Affirmed.

*J. B. Wilson,* and *A. C. Wilson,* both of Lawrence, for the appellants.

*A. B. Crum,* of Lyndon, and *W. S. Martin,* of Overbrook, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs brought this action for possession of a farm and for damages for its detention. The defendants claimed the right of possession under an option to lease it for the season beginning March 1, 1918, and ending March 1, 1919. Judgment was entered for defendants on both causes of action on June 10, 1919. Plaintiffs appeal. They say the question of their right to possession for the year ending March 1, 1919, is not moot, notwithstanding the rule so often an-

nounced that judgments in possessory actions will not be rendered when they would be unavailing (*Geinger v. Krein,* 103 Kan. 176, 173 Pac. 298; *Hall v. Briggs,* 104 Kan. 277, 178 Pac. 447; *O'Laughlin v. Prockish,* 106 Kan. 623, 189 Pac. 385; and see, also, *Shoe Co. v. Dawson,* 94 Kan. 668, and citations, 146 Pac. 996), because upon the correctness of the judgment on that point depends the question of plaintiffs' right to damages; and they contend that the court erred in ruling out their offer to prove certain damages which would have been much greater than the amount they received as rent during the period of alleged wrongful detention. But they did not produce the excluded evidence of damages in support of their motion for a new trial, so that feature of the case cannot be reviewed. (*Scott v. King,* 96 Kan. 561, 152 Pac. 653; *Muenzenmayer v. Hay,* 98 Kan. 538, 542, 189 Pac. 1; *Cook v. Railway and Bridge Co.,* 101 Kan. 103, 109, 165 Pac. 803; *The State v. Schroeder,* 103 Kan. 770, 176 Pac. 659; *Smith v. Smith,* 104 Kan. 629, 631, 180 Pac. 231; *Williams v. Hanna,* 105 Kan. 540, 544, 185 Pac. 17.)

In *Elliott v. Oil Co.,* 106 Kan. 248, 251, 187 Pac. 692, it was said:

"The evidence was excluded—erroneously, no doubt, but yet excluded. What was the proper course to pursue? It was to produce such proof orally or by affidavits in support of his motion for a new trial. (Civ. Code, § 307.)"

Since the time has elapsed when a judgment for possession would be availing, and the excluded evidence as to damages is not before us, there is no necessity of determining the more abstruse questions so interestingly presented on both sides by the diligent researches of counsel.

The judgment is affirmed.