LAABS, Respondent, v. SCHOLL, Appellant.

(180 N. W. 963.)

(File No. 4740. Opinion filed January 15, 1921.)

1. **Landlord and Tenant—Land Lease, Oral Negotiations For Renewal, Landlord's Letter, Whether Terminating Agreement—Tenant's Showing Written Lease Contemplated, Effect.**

Where oral negotiations concerning renewal of a land lease

were had, the landlord claiming that his letter received by tenant terminated the tentative agreement, held, that tenant's showing indicated that the parties' minds met on proposition for a written lease.

2. **Landlord and Tenant—Alleged Breach of Lease Renewal Agreement, Negotiations for Renewal—Tenant's Plowing, Whether Value Of, Or Prospective Profits Under Renewed Lease As Measure of Damages.**

Where, after negotiations were had between landlord and tenant for renewal of a farm lease for another year, and after lessee had done some plowing for next year's cropping, the parties discussed but did not agree upon value of the plowing, and tenant removed from the land because of the dwelling place being uninhabitable and rented another quarter but testified that he could have farmed this land also, yet failed to claim a right to farm it until after landlord had leased it to another and never asked for a written lease, held, that tenant's claim for damages for landlord's failure to furnish written renewal lease was not the profits he might have made by farming the place next year, but was the value of the plowing.

Appeal from Circuit Court, Brookings County. HON. WILLIAM N. SKINNER, Judge.

Action by Herman Laabs against Fred Scholl, to recover alleged future profits as damages for defendant's failure to furnish a written renewal lease of land. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded for new trial.

*Alexander & Alexander,* for Appellant.

*Cheever & Cheever,* and *C. O. Trygstad,* for Respondent.

(2) To point two of the opinion, Appellant cited: Bowers v. Graves, 8 S. D. 385, 66 N. W. 931; 24 Cyc. 1468.

Respondent cited: Saunders et al. v. Pottlitzer Bros. Fruit Co. (N. Y.) 39 N. E., 75; 29 L. R. A., 431; Bowers v. Graves & Vinton, (S. D.) 66 N. W, 931.

GATES, J. Plaintiff was in possession of, and living upon, 160 acres of defendant's land under a written lease upon the crop-sharing basis, expiring October 1, 1917. In July, 1917, negotiations were had concerning a renewal of the lease. It is contended by plaintiff that these oral negotiations constituted a completed lease for the next year. It is contended by defendant that these arrangements were merely tentative, and that a letter written by him to, and received by, plaintiff, terminated such tentative agree-

ment, or at the most that the arrangements between them amounted only to an agreement to lease. This action was brought for damages caused by the alleged breach of the lease by defendant. Upon a verdict for plaintiff in the sum of $545, judgment was entered in favor of plaintiff, from which, and from an order denying new trial, defendant appeals.

[1] We do not think it necessary to discuss the evidence concerning, nor the legal effect of, the prior negotiations for the reason that, upon respondent's own showing as to the negotiations had on or about October 1, 1917, the minds of the parties met upon the proposition that the lease to be entered into should be a written lease. Neither party ever intended that the agreement should rest in an oral lease; therefore there was only an an agreement for a written lease.

Respondent testified that on or about October 1, 1917, there were negotiations looking towards a settlement between them; that he wanted $2 per acre for about 40 acres of plowing he had done; that if that had been paid he was willing to give up all claim to the place; that appellant was only willing to pay 75 cents per acre for the plowing; that appellant told him that, if he did not take the 75 cents, he "could go on and have the place;" that he refused to accept the 75 cents per acre for the plowing; that appellant promised to bring out a written contract the next day, but that appellant did not do so then, nor at any time thereafter.

Respondent thereafter did plowing to the extent of about 3 or 4 acres. In the latter part of October, the "shack" being uninhabitable, he, with his family and belongings, removed from the premises to a quarter section three miles distant, which he had rented. He also rented another quarter section to farm with the one to which he moved. He testified that he could also have farmed the land in question. He never, after the conversation of October 1, 1917, intimated to appellant that he claimed a right to farm this land until March, 1918, after appellant had leased a part of the premises to another. He never asked for the written lease. Although the parties met in January, 1918, and had a talk concerning matters arising under the lease for 1917, viz. "about the cattle and the bill for pasture," nothing was said

about working the place in 1918, and still no demand was made by respondent for the written lease.

[2]    Under these circumstances the measure of respondent's damages for appellant's failure to furnish the written lease was not the profits which he might have made by farming the place in 1918, but was the value of the plowing done before he knew that defendant would not enter into the agreed written lease.

For the reason that the cause was submitted to the jury under the former measure of damages, and for the reason that the evidence was insufficient to sustain the verdict, the judgment and order appealed from are reversed, and the cause is remanded for a new trial.