Calvin SCHMIDT, Plaintiff
and Appellant,

v.

Ora E. FORELL, Defendant
and Appellee.

No. 13148.

Supreme Court of South Dakota.

Considered On Briefs April 21, 1981.

Decided June 10, 1981.

David L. Bergren of Bergren & Duffy, Fort Pierre, for plaintiff and appellant.

Robert D. Hofer of Riter, Mayer, Hofer & Riter, Pierre, for defendant and appellee.

HENDERSON, Justice.

Appellant Calvin Schmidt appeals from a judgment of the trial court against appellee Ora E. Forell which awarded appellant $18,954.35 stemming from a two vehicle automobile accident that occurred in December of 1976. The appellate issues for determination are whether the trial court, in determining the amount of damages, erred by failing to include (1) appellant's alleged loss of future earning capacity and (2) past and future salary expenses by reason of appellant being required to hire additional part-time employees. We affirm.

In his complaint, appellant prayed for medical expenses, damage to his automobile, pain and suffering, and lifetime loss of earnings. This matter was tried to the court without a jury in November of 1979. After considering the testimony of the parties and their respective witnesses, the trial court found in favor of appellant and made the following award of damages:

```
Medical Expenses . . . . . . . . . . . . . . . $    354.35
Loss of Earnings and Out-of-Pocket Expenses. . $  3,600.00
Pain and Suffering, Past and Future. . . . . . $ 15,000.00
```

TOTAL: $18,954.35

As a result of the accident which prompted this suit, appellant has suffered a partial permanent disability rating of ten percent, due primarily to the incapacity and pain of his neck. This was established at trial, via deposition, by the testimony of Dr. G. M. Sanchez. The trial court stated in its findings of fact that "[a]lthough there was evidence relating to loss of earning capacity, the proof was insufficient to establish those damages with reasonable certainty."

■ Damages must be proven with reasonable certainty. *Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114 (S.D.1977); *Fredrick v. Dreyer*, 257 N.W.2d 835 (S.D. 1977); *Swenson v. Chevron Chemical Company*, 89 S.D. 497, 234 N.W.2d 38 (1975).

■ This Court will not set aside a lower court's findings of fact unless they are clearly erroneous. SDCL 15–6–52(a); *Cunningham v. Yankton Clinic, P. A.*, 262 N.W.2d 508 (S.D.1978). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Estate of Shabley*, 85 S.D. 692, 695, 189 N.W.2d 460, 461 (1971); citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

■ Here, the bulk of appellant's evidence with regard to loss of future earning capacity was the testimony of Dr. Dennis A. Johnson, an economist from the University of South Dakota. Theorizing from a complicated formula, Dr. Johnson stated at trial that appellant would lose $97,342.00 over the course of his working lifetime due to his loss of future earning capacity which resulted from the accident. It is obvious that the trial court rejected this expert's testimony, which it had a right to do.

Since the parties waived their right to a jury, the trial court determined all issues of fact. On appeal, "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." SDCL 15–6–52(a); *see also* South Dakota Pattern Jury Instructions, Vol. I, § 2.01. Upon a review of the evidence, we cannot say that we are left with a firm conviction

that the trial court was mistaken in refusing to include appellant's alleged loss of future earning capacity when it awarded damages.

Appellant also contends that the court below erroneously refused to award damages based upon his increase in salary expenses for employees he has been allegedly forced to hire as a result of the accident. All evidence relating to this issue, including the fact that appellant acquired an additional business in December of 1977, was duly presented to the trial court for its consideration and adjudication. Again, this Court, sitting as an appellate body, must defer to the trial court in accord with the principles already stated in this opinion. Furthermore, an isolated claim for past and future salary expenses for part-time employees necessitated by an additionally acquired business is not a proper measure of damages. Accordingly, we hold that the trial court did not err in refusing to award damages to appellant stemming from any increased salary expenses subsequent to the time of the accident.

The judgment of the trial court is affirmed.

All the Justices concur.