Robert WANG, Plaintiff and Appellee,

v.

Elmer BEKKEN and Henry Cooper, Defendants and Appellants.

No. 12999.

Supreme Court of South Dakota.

Sept. 16, 1981.

John H. Shepard of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for plaintiff and appellee.

Hermon B. Walker and James L. Waggoner of Walker, Lysaught & Waggoner, Rapid City, for defendants and appellants.

PER CURIAM.

This is an appeal from a judgment, arising out of a court trial, ordering appellants,

Elmer Bekken and Henry Cooper, to pay, respectively, $1,000 and $500 to appellee, Robert Wang, for the wrongful removal of trees from appellee's real property. We affirm.

Each appellant owned a mobile home and was a tenant in a trailer court owned by appellee. In October, 1978, both appellants moved out of the trailer court after cutting down a number of trees from their respective lots. Appellants contend that the evidence at trial was insufficient to determine the amount of damage appellee suffered by the removal of the trees. The trial court, appellants contend, was forced to resort to speculation and conjecture.

In *Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114 (S.D.1977), this Court recognized a distinction between uncertainty as to the cause or fact of damages and uncertainty as to the amount of damages:

> The rule against indefinite or uncertain damages applies only to such damages as are not the definite or certain results of the wrong. Uncertainty as to the fact is fatal to recovery, but uncertainty as to the measure or extent of the damages does not bar recovery. (Citations omitted)

261 N.W.2d at 118.

Appellants do not dispute the trial court's finding that the trees were wrongfully cut. In determining the amount of recovery, there must be a reasonable basis for measuring the loss; damages need only be measured with reasonable certainty. *Schmidt v. Forell*, 306 N.W.2d 876 (S.D. 1981); *Schmidt v. Wildcat Cave*, supra; *Drier v. Perfection, Inc.*, 259 N.W.2d 496 (S.D.1977). Appellee met this test. Appellee testified that appellant Cooper removed six trees from his property and that appellant Bekken removed ten trees. He testified that the trees on his property were elm and cottonwood, standing between twelve and fourteen feet high. In addition to appellee, two experts who had examined the tree stumps on each lot testified as to the type and value of the trees. Finally, photographs of the damage were admitted into evidence. Although there was some conflicting testimony regarding the type and number of trees cut, we are satisfied that the record of the trial court proceedings supports, with reasonable certainty, the amount of appellee's recovery.* The damages were not based upon speculation or conjecture.

The judgment is affirmed.

---

* Appellant contends that the depositions of the appellants and appellee which were not introduced into evidence at trial cannot be relied upon to sustain the award to appellee. Adequate evidence was introduced at trial, excluding the depositions, however to support with "reasonable certainty" the damages award.