Charles ATYEO and William Atyeo,
d/b/a Atyeo Brothers, Plaintiffs
and Appellants,

v.

Marjorie B. PAULSEN and Willis Gerth,
Defendants and Appellees.

No. 13497.

Supreme Court of South Dakota.

Argued Jan. 22, 1982.

Decided May 12, 1982.

Richard J. Helsper of McCann, Martin & Mickelson, P. C., Brookings, for plaintiffs and appellants.

Frank E. Denholm of Denholm & Glover, Brookings, for defendants and appellees.

HENDERSON, Justice.

## ACTION

Charles Atyeo and William Atyeo, d/b/a Atyeo Brothers (appellants), appeal from a judgment entered by the trial court pursuant to a jury trial with regard to an alleged oral lease agreement between the parties pertaining to farming rights on certain realty. This judgment was against Marjorie B. Paulsen and Willis Gerth (appellees) in the amount of $270.00; appellants were also awarded $205.50 in court costs. Appellants contend that the trial court, by erroneously instructing the jury, effectively precluded their claim for relief.[1] We reverse and remand.

---

1. Appellants brought this action for declaratory judgment and requested that the trial court find that a valid oral lease agreement existed for the 1981 crop year and that any interest in the realty claimed by appellee Willis Gerth be declared null and void. In Count II of their complaint, appellants prayed for lost income and general damages in excess of $10,000.00 in the event that the trial court declared that there was, in fact, a valid oral lease agreement but that appellee Gerth had a right to farm the realty during 1981. In their answer and counterclaim, appellees demanded a trial by jury. A review of the pleadings indicates that a question of fact existed regarding the existence of the oral lease. As such, the issue was properly submitted to the jury. See SDCL 21–24–9 (issues of fact in declaratory judgment actions are triable by jury); see also Headrick v. Mutual Supply Company, 497 P.2d 701 (Colo.App.

## FACTS

Appellants are farmers in the Deuel County area of South Dakota. By virtue of appellee Paulsen's ownership of approximately 200 acres of farmland in Deuel County, she and appellants entered into two written leases (one for 1978 and 1979, and another for 1980) whereby appellants farmed the land and paid appellee Paulsen $20.00 per acre.

During 1980, various discussions between the parties occurred as to a lease agreement for 1981. Appellee Paulsen had decided to increase her rental price per acre and rearrange the payment schedule. At trial, appellants contended that a valid oral agreement had been entered into, while appellee Paulsen denied their contention. In any event, the jury returned the following verdict:

> We, the Jury, duly empanelled in the above-entitled action and sworn to try the issues therein, find for the Plaintiffs [appellants] and against the Defendant, [appellee] Marjorie B. Paulsen, in the sum of $270.

Appellee Willis Gerth is involved in this case via his lease agreement with appellee Paulsen for the disputed land during 1981 through 1983. Both appellants and appellees concede that the jury, by its verdict, implicitly found that there had been a valid oral lease entered into between the parties for 1981.

## ISSUE

Did the trial court erroneously instruct the jury thereby potentially limiting appellants' recovery of damages? We hold that it did.

## DECISION

■ A trial court is to present only those issues to the jury by way of instruc-

tion which find support by competent evidence in the record. *Van Zee v. Sioux Valley Hospital*, 315 N.W.2d 489 (S.D.1982); *Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981); *Olesen v. Snyder*, 277 N.W.2d 729 (S.D. 1979). A failure to give a requested instruction setting forth the applicable law constitutes prejudicial error. *Van Zee v. Sioux Valley Hospital*, supra; *Wolf v. Graber*, supra; *Miller v. Baken Park, Inc.*, 84 S.D. 624, 175 N.W.2d 605 (1970), mod. 85 S.D. 133, 178 N.W.2d 560 (1970).

Appellants' proposed jury instructions, if adopted by the trial court, would have allowed them to farm the land during 1981 or be compensated for lost income resulting from not being permitted to farm the land.[2] Pertinent to the issue of damages, the trial court instructed the jury as follows:

> [Jury Instruction # 16] If you decide for [appellants] on their complaint on the question of damages, you must then fix the amount of money that will reasonably and fairly compensate them for any of the following elements of detriment or damage proved by the evidence to have resulted from the conduct and actions of [appellee] Paulsen, whether such detriment could have been anticipated or not, namely:
>
> 1. The value of the plowing done by or at the instance of [appellants] before they knew [appellee] Paulsen would not lease the land.
>
> 2. The value of any seed and fertilizer purchased by [appellants] in anticipation of farming [appellee] Paulsen's land, which seed or fertilizer was not used by [appellants] or for which they had not been able to return to their supplier.

1972); *Kroch's & Brentano's, Inc. v. Barber-Colman Company*, 16 Ill.App.3d 412, 306 N.E.2d 522 (1974); *Brammer v. Allied Mutual Insurance Company*, 182 N.W.2d 169 (Iowa 1970); *Guilmet v. Campbell*, 385 Mich. 57, 188 N.W.2d 601 (1971); 17A C.J.S. Contracts § 610 (1963); Corbin on Contracts, vol. 3, § 554 (1960).

2. Appellants' claim for possession of the realty during 1981 is obviously moot. *Bryson v. Barrett*, 108 Kan. 71, 193 P. 1063 (1920); *Danforth v. City of Yankton*, 71 S.D. 406, 25 N.W.2d 50 (1946). The declaratory judgment statutes in South Dakota do not require determination of moot questions. *State of North Dakota ex rel. Strutz v. Perkins County*, 69 S.D. 270, 9 N.W.2d 500 (1943); *Security State Bank v. Breen*, 65 S.D. 640, 277 N.W. 497 (1938).

166

Appellees' position is that Jury Instruction # 16 was warranted under the existing case law of this state: *Weaver v. Bauer*, 76 S.D. 401, 79 N.W.2d 361 (1956), and *Laabs v. Scholl*, 43 S.D. 515, 180 N.W. 963 (1921). A reading of both *Laabs* and *Weaver*, however, reveals that in neither case was the existence of a valid lease found. From that premise, this Court went on to state that "[t]he trial court allowed defendant [alleged lessee] the value of all work performed and all expense in preparing and seeding the land. This was the proper measure of damages under the rule established in *Laabs v. Scholl*[.]" *Weaver* 76 S.D. at 407, 79 N.W.2d at 364.

■ Here, the parties agree that the jury implicitly found in its verdict that an oral lease for 1981 had been entered into. As such, we believe that the jury should have been instructed so as to allow appellants to recover for any provable lost income which they experienced during 1981 that resulted from being denied access to the land. *See Nelson v. Reisner*, 51 Cal.2d 161, 331 P.2d 17 (1958); *Twyman v. Roell*, 123 Fla. 2, 166 So. 215 (1936); *Mizell v. Spires*, 146 Ga.App. 330, 246 S.E.2d 385 (1978); *Rhodes v. Sigler*, 44 Ill.App.3d 375, 2 Ill.Dec. 626, 357 N.E.2d 846 (1976); *Nebraska & D. Land & Live-Stock Co. v. Burris*, 10 S.D. 430, 73 N.W. 919 (1898); *Bowers v. Graves & Vinton Co.*, 8 S.D. 385, 66 N.W. 931 (1896); *Rupert v. Swindle*, 212 S.W. 671 (Tex.Civ.App.1919); *see also* SDCL 21–2–1.

■ In ascertaining the amount of recovery, there must be a reasonable basis for measuring the loss; damages need only be measured with reasonable certainty. *Wang v. Bekken*, 310 N.W.2d 166 (S.D.1981); *Schmidt v. Forell*, 306 N.W.2d 876 (S.D. 1981); *Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114 (S.D.1977); *Drier v. Perfection, Inc.*, 259 N.W.2d 496 (S.D.1977). Evidence elicited at trial established the various crops harvested from the land during 1980 by appellants, including respective yields, crop prices and multifarious farming expenses pertaining to the previous year's tillage on the land. We appreciate the inherent uncertainties involved in predicting future farm income, but as this Court recognized long ago:

Evidence as to the quantity a given tract of land will yield of grain or other products, under a given state of circumstances is no more speculative than evidence of the rental value of tenements in a city or town or the rental value of farm lands. In [*Colorado Consolidated Land & Water Co. v. Hartman*, 5 Colo.App. 150, 38 Pac. 62, 63 (1894)], the court of appeals of Colorado says: "But in order to establish the value at the time of the destruction [of the crop], courts are compelled to resort to several methods of computation, and either or all combined may afford a fair basis; * * * and the third, the proof of the average yield and market value of crops of the same kind, planted and cared for in the same manner, less the cost of maturing, harvesting, and marketing." . . . In a large class of cases it is difficult to prove the exact amount of damages a party sustains by reason of a breach of contract, but the ends of justice are not to be defeated by failure of strict mathematical proof.

*Nebraska & D. Land & Live-Stock Co. v. Burris*, 10 S.D. at 433–434, 73 N.W. at 920–921 [second brackets in original] [* * * in original]. *See Nelson v. Reisner*, supra; *Twyman v. Roell*, supra; *Cutler Cranberry Co. v. Oakdale Elec. Cooperative*, 78 Wis.2d 222, 254 N.W.2d 234 (1977). We hold that the facts established at trial were sufficient to provide a reasonable basis for the jury to determine the amount of appellants' lost income stemming from their inability to farm appellee Paulsen's land during the 1981 crop year.

The judgment of the trial court is reversed and the case is remanded for a new trial consistent with this opinion.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

FOSHEIM, J., dissents.

FOSHEIM, Justice (dissenting).

The majority, in footnote 1, does not accurately set out the pleadings and ignores

*Orr v. Kneip*, 287 N.W.2d 480 (S.D.1979). *Orr* clearly spells out when a jury trial is available in a declaratory judgment action.

The pleadings tell the story and *Orr* supplies the result. Plaintiffs' original complaint alleged the existence of a contract and asked the trial court to award them damages if it found that Defendant Gerth had the right to farm the land. Defendants answered with a general denial; counterclaimed for damages for emotional distress; and demanded a jury trial on all fact issues alleged in the complaint and counterclaim. Plaintiffs then amended their complaint, adding a third count which alleged that Defendant Paulson was equitably estopped from denying the contract. Plaintiffs also moved that defendants' demand for a jury trial be stricken, this motion was denied. A trial by jury was held, the trial court instructed the jury on equitable estoppel and entered a judgment for plaintiffs based on the jury verdict. The trial court did not, however, enter findings and conclusions on the issue of estoppel.

In a unanimous opinion, we stated in *Orr* that a jury may not decide legal or equitable issues in a declaratory judgment action. Speaking of equitable issues, *Orr* stated:

> Article VI, § 6 of the South Dakota Constitution mandates that a party be given a jury trial as a matter of right if the action is one at law. Equity actions, on the other hand, are not triable of right by a jury. It is generally recognized, however, that declaratory judgment actions are neutral and may involve either equitable claims or legal claims or both. The court must look to the pleadings as a whole and the relief requested to determine the character of the claim. * * * A determination with regard to constitutionality is within the jurisdiction of a court of law rather than a court of equity. Consequently, in the instant case, the equity powers of the court were not invoked and the jury verdicts cannot be considered advisory, since advisory juries are available only in actions which sound in equity.

*Id.* at 485 (citations omitted). *Orr* is thus implicit that on equitable issues a jury's verdict is advisory only, which is the settled law in this state.

While *Orr* did not find equitable issues, it did find legal issues requiring a remand for findings and conclusions. While I agree with the majority that this case must be remanded because of erroneous jury instructions, to be consistent with *Orr* this case must likewise be remanded with directions for the trial court to enter findings and conclusions on the issue of estoppel.