**James WILLIAMS et ux., Appellants,**

v.

**FIRESTONE STORES, DIV. OF FIRESTONE TIRE AND RUBBER CO., Inc., Appellee.**

**No. 4277.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 1, 1968.

Scarborough, Black, Tarpley & Scarborough, Charles Scarborough, Abilene, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee and Stephen Suttle, Abilene, for appellee.

WALTER, Justice.

James Williams and wife filed suit against Firestone Stores for damages. They contend Mrs. Williams was a passenger in an automobile that collided with a concrete pillar on Firestone's premises. Defendant's motion for summary judgment was granted and the Williams have appealed.

They say: "The appellant, Mrs. James Williams, was riding in an automobile driven by Earthel Bowles on 19 December 1967 in the late afternoon. The two women had been to a dress shop in Abilene, Taylor County, Texas, and were next going to the Westgate Shopping Center in Abilene, Texas, to do some shopping. As they neared the shopping center parking lot, they turned into the appellee's parking lot and were traveling directly into the sun. The car in which the appellant was riding collided with a concrete light post base about two and one-half feet in height on the appellee's property with the metal standard having been removed. The base was about the same color as the pavement. The accident occurred late in the afternoon and the driver of the car in which appellant was riding could not see the pillar because of the setting sun directly in her line of vision. The appellant contends that a question of fact exists as to whether or not the concrete base was a dangerous obstacle."

They contend that fact issues were made on whether or not the concrete pillar was a dangerous obstacle on the property of Firestone; on whether Mrs. Williams was an invitee or a licensee, and on the negligence of Firestone in failing to warn Mrs. Williams of the presence of the concrete pillar.

Mrs. Earthel Bowles testified by deposition substantially as follows:

I have known Doris Williams about ten years and we are good friends. Before the accident on December 19, 1967, when the car I was driving collided with a light standard concrete base on Firestone's property at South First and Pioneer Drive here in Abilene, Doris and I had been to Wood's Dress Shop. We were going to Lester's Jewelers in the Westgate Shopping Center and then do some Christmas shopping. Doris was going shopping with me. I have never shopped at Firestones, but I have used this entrance before. The accident occurred about five fifteen in the afternoon. The first time I saw this concrete pillar was after the wreck.

Doris Williams testified by deposition substantially as follows:

The first time I saw the concrete pillar that we collided with was after the wreck. I have heard Mrs. Bowles give her deposition and she gave a correct account of the accident as I understand it.

Request for admissions established that the concrete base was on property owned by Firestone and that it had been in the same form and position that it was in at the time of the accident for more than sixty days before the collision.

Firestone pleaded that the concrete pillar was open and obvious and could or should have been seen by any person keeping an ordinary lookout; that it had no duty to warn Mrs. Williams or the driver of the car of such open and obvious condition, and that it was not guilty of any affirmative act or misconduct which would or could have contributed to the act of Mrs. Bowles in running into the concrete pillar.

We have concluded that the concrete pillar on Firestone's premises was open and obvious and on the authority of Halepeska v. Callihan Interests, Inc., (Sup.Ct., 1963), 371 S.W.2d 368, affirm the judgment.