**CELANESE CORPORATION OF AMERICA and Federal Insurance Company, Plaintiffs-Appellees,**

v.

**VANDALIA WAREHOUSE CORPORATION, Defendant-Appellant.**

No. 17786.

United States Court of Appeals, Seventh Circuit.

April 15, 1970.

Adolph K. Schwartz, St. Louis, Mo.,
Stanford S. Meyer, Belleville, Ill., Thom-

as W. Conklin, Upton, Conklin & Leahy, Chicago, Ill., of counsel, for appellant.

William B. Wham, Centralia, Ill., for appellees.

Before SWYGERT, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Celanese Corporation of America ("Celanese"), a New York corporation, sued the Vandalia Warehouse Corporation ("Vandalia") of Vandalia, Illinois, for failure to deliver to plaintiff 441 stored Columbia wood-pulp rolls. These goods were damaged by water while in defendant's custody. Federal Insurance Company ("Federal"), a New Jersey corporation, was joined as an additional party plaintiff, for it had paid Celanese for its loss and sued as subrogee. Defendant claimed that the damage was caused by an act of God, namely, a heavy wind and rainstorm. However, a jury verdict was rendered for plaintiffs, and a $16,224.25 judgment was entered for them, resulting in this appeal.

*Jurisdiction*

Defendant first argues that the trial court had no diversity jurisdiction because both plaintiffs, although foreign corporations, maintain "a principal place of business in the state of Illinois." This ground was raised after the trial, in a motion for judgment notwithstanding the verdict. An affidavit supporting that motion asserted that Federal had a Chicago office, was licensed to do business in Illinois and "was transacting a major amount of its insurance business" in Illinois in 1968. The affidavit also stated that Celanese was licensed to do business in Illinois, with four places of business in Chicago and its suburbs. No counter-affidavits were filed.

Section 1332(c) of the Judicial Code (28 U.S.C. § 1332(c)) provides:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporat-

ed and of the State where it has *its principal place of business*." (Emphasis supplied.)

The phrase "its principal place of business" in this statute refers to a corporation's single place of business (1 Moore's Federal Practice ¶ 0.77[3–1], p. 717.60 (1964)), and connotes its "center of corporate activity and * * * nerve center." Sabo v. Standard Oil Company of Indiana, 295 F.2d 893, 895 (7th Cir. 1961). The Celanese complaint alleged that its principal place of business was "in a state other than Illinois," and Federal's complaint alleged that its principal place of business was in the State of New York. These allegations were not controverted in the Answers, although the post-judgment Answer to the Federal complaint alleged that Federal had "a principal place of business in Illinois." At the oral argument here, defendant's counsel did not deny that the principal place of business of both Celanese and Federal was in New York. His affidavit does not show that either plaintiff had its principal place of business in Illinois. Under Section 1332(c) diversity of citizenship existed, and the district court therefore correctly denied the first ground of the motion for judgment notwithstanding the verdict.

*Sufficiency of the Evidence*

Defendant next urges that it was entitled to a directed verdict on the ground that the evidence showed that the damage was caused by a storm and not by its negligence. It is unquestioned that the goods of Celanese were delivered to Vandalia in good condition but were damaged by water on August 16, 1966, while stored in Vandalia's warehouse. It is well settled under Illinois law that these facts establish a prima facie case of negligence and shift the burden of proceeding to the bailee. 4 Illinois Law and Practice, "Bailments," § 19, p. 682 (1953). The ultimate burden of proof, however, remains on the bailor, and the bailee may rebut the presumption of negligence with evidence of due care. Miles v. International Hotel Co., 289 Ill.

320, 327–328, 124 N.E. 599 (1919); Clark v. Fields, 37 Ill.2d 583, 586, 229 N.E.2d 676 (1967). In this case, Celanese presented evidence of Vandalia's negligence which warranted submission of the case to the jury.

The evidence showed that the damage was caused by water entering the warehouse through a small opening in the roof. The roofing was only two years old and the building was periodically inspected. The roof was supported by horizontal beams supported by vertical columns. The beam ends rested in sockets or beam pockets in the brick walls. On the day of the accident one beam end slipped a few inches from a beam pocket, causing the roof to drop, with an attendant opening therein. On that day, there was a fifteen-minute windstorm with lightning and a downpour.

Plaintiffs' rebuttal evidence revealed that at the Vandalia airport, three miles from the warehouse, the maximum wind velocity on the critical date was 13.8 miles per hour, with gusts up to 20.7 miles per hour, and that rainfall totaled a little over two-tenths of an inch. Plaintiffs also showed that the vertical support columns beneath the beams were leaning in different directions. After the accident, the beam was put back in its pocket and a short timber post was placed under it for additional support.

█ Although the jury could have concluded that the roof opening was caused by lightning or wind damage, there was evidence that would permit it to find that the warehouse was in an unsafe condition and that the storm was only of foreseeable intensity.[1] Therefore, on the evidence admitted, a directed verdict for defendant was not warranted.

*Misjoinder*

█ Defendant also asserts that it was prejudiced by the participation of Celanese in the proceedings after the addition of Federal as the real party in interest. No objection was raised to the continuance of Celanese as a party to the proceedings at the time the plaintiffs moved for the addition of Federal. No motion to drop Celanese as an improper party was filed by defendants until after the culmination of the trial. Under Rule 21 of the Federal Rules of Civil Procedure, "Misjoinder of parties is not ground for dismissal of an action." The proper remedy is a timely motion to drop the improper party, and Vandalia therefore waived its objection to the continued presence of Celanese. Crest Auto Supplies, Inc. v. Ero Manufacturing Company, 360 F.2d 896, 898 (7th Cir. 1966); Ziegler v. Akin, 261 F.2d 88, 91 (10th Cir. 1958); see also Meyercheck v. Givens, 180 F.2d 221, 223 (7th Cir. 1950); 3A Moore's Federal Practice, ¶ 21.03, p. 2905 (1969). Moreover, the jury was presented with testimony showing that Celanese had filed its proof of loss with Federal and had subsequently been paid, so that there was no prejudice to defendant in retaining Celanese as a plaintiff.

*Evidence*

█ Vandalia also charges several errors in the conduct of the trial. Defendant first contends that the court erred in admitting into evidence plaintiffs' Exhibit 15, a report relating to surface weather conditions at Vandalia airport on the date of the storm. This exhibit was a photostatic copy of a document located in the Archives of the National Weather Records Center in Asheville, North Carolina. The copy bore the stamped statement, signed by a "Certifying Officer," that "this Form is a true copy of the official record of the Environmental Science Services Administration." Although offered as a certified copy of the original record, Exhibit 15 lacks the seal of any official of the Unit-

1. The jury was properly instructed as to foreseeability, for the court charged the jury:
 "If you believe from the evidence in this case that it was not reasonably to be expected by the defendant that an occurrence such as the one which resulted in loss to the plaintiffs' property would take place, then the defendant, under the law, is in no manner liable for said occurrence."

ed States Government. The testifying witness was not a federal employee and gave no evidence supporting the authenticity of the purported certification. No previous stipulation as to this document's authenticity existed and defendant objected on the grounds that this exhibit "was not properly identified, no proper foundation, and it purports to report incidents at a point three miles from this warehouse, which is too remote to have any bearing on the issues of this case."[2] We are therefore compelled to consider this fustian objection and conclude that because of the deficiency of the attempted certification, this document was not properly authenticated and should not have been admitted into evidence.

■ Rule 44 of the Federal Rules of Civil Procedure governs proof of official documents such as Exhibit 15. That rule contains specific standards for authentication of domestic records in paragraph (a) (1) as well as the further incorporation of existing federal and state law in paragraph (c).[3] In this case, the absence of any appropriate seal from this exhibit precludes compliance with the procedures established in Rule 44(a) (1). See Van Cedarfield v. Laroche, 252 F.2d 817, 820–821 (1st Cir. 1958). In addition, Celanese has disclosed no statutory or common law rule, federal or state, which would dispose of the need of authentication as a requisite to the admis-

sion of a copy of an official document. Cf., e. g., 28 U.S.C. §§ 1732(b), 1733(b); Mullican v. United States, 252 F.2d 398, 400–404 (5th Cir. 1958); Yaich v. United States, 283 F.2d 613, 617 (9th Cir. 1960). Nor has Celanese produced any support for the authenticity of the certification of Exhibit 15 by the "Certifying Officer" without the affixation of the appropriate governmental seal of which judicial notice could be taken. See Smith v. United States, 30 U.S. (5 Pet.) 292, 300–301, 8 L.Ed. 130; cf. Ill.Rev. Stat., Ch. 51, §§ 16, 18 (1969); see also V, VII Wigmore, Evidence, §§ 1679, 2164 et seq. (1940); McCormick, Law of Evidence, § 186, p. 398 (Hornbook Series, 1954); Preliminary Draft of Proposed Rules of Evidence for the United States District Courts, Rule 9–02. The lack of any seal therefore barred the authentication of Exhibit 15 by the purported certification contained thereon. The document was not entitled to admission into evidence on that basis and it was error to have admitted it.

### Jury Instructions

■ Defendant next argues that it is entitled to a new trial because the court did not give any instruction on burden of proof. At the oral argument, plaintiffs' counsel urged that the equivalent of a burden of proof instruction had been given. Cf. Dallas Ry. Terminal Co.

---

**2.** The distance of the airport from the warehouse was not sufficient to render the document incompetent and irrelevant as a matter of law. The possible discrepancy between the magnitude of the storm at the two points could be considered by the jury in weighing the value of the evidence adduced on this issue. See Minnehaha County, S. D. v. Kelley, 150 F.2d 356, 361 (8th Cir. 1945); cf. Widder v. New York, Chicago & St. Louis RR., 235 F.2d 752, 753 (3d Cir. 1956).

**3.** The pertinent provisions of Rule 44 are:
"(a) AUTHENTICATION.
 "(1) *Domestic.* An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu

Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept; authenticated by the seal of his office.
 * * * * *
 "(c) OTHER PROOF. This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law."

v. Sullivan, 108 F.2d 581, 584 (5th Cir. 1940). Our review of the record, however, discloses no charge which provides the equivalent of an adequate statement of the burden of proof. The instruction given contains no explanation that Celanese bore the ultimate burden of proof with respect to defendant's fault in returning the goods in damaged condition.[4] Miles v. International Hotel Co., 289 Ill. 320, 327–328, 124 N.E. 599 (1919). In light of the evidence adduced by both Vandalia and Celanese on the issue of negligence, the instruction was insufficient to explain Illinois law on the burden of proof in bailment cases. Wolf v. Pedian, 251 Ill.App. 564, 566–567 (1929); McCall v. Pullman Co., 331 Ill.App. 561, 567–568, 73 N.E.2d 658 (1947); cf. Cargill Incorporated v. Commodity Credit Corporation, 275 F.2d 745, 753 (2d Cir. 1960); Henderick v. Uptown Safe Deposit Co., 21 Ill.App.2d 515, 525–526, 159 N.E.2d 58 (1959); 1 Hemphill, Illinois Jury Instructions, § 648, pp. 207–208, n. 18 (1951); contra, Brenton v. Sloan's United Storage & Van Co., 315 Ill.App. 278, 283, 42 N.E.2d 945 (1942).

 The law of the burden of proof is the heart of a case of this nature and must be explained to the jury in order to afford a fair trial. Even though defendant's instructions on the question of the burden of proof tendered under Rule 51 of the Federal Rules of Civil Procedure may not have been proper, nevertheless, here it became the trial court's duty to frame such an instruction. The duty was all the more critical in this case in light of the misleading character of the charge actually given. Therefore, we must take note of the error although we are most reluctant to impose upon the trial judge responsibilities more properly borne by counsel. Cf. O'Brien v. Willys Motors, Inc., 385 F.2d 163, 167 (6th Cir. 1967); 5 Moore's Federal Practice, ¶ 51.-04, p. 2515 and cases cited (1969). At the new trial, the district court should instruct the jury as to burden of proof in accordance with the standard laid down in its exemplary memorandum opinion in Purex Corporation v. St. Louis National Stockyards Co., Docket No. 64–137 (E.D.Ill. January 18, 1966), which fully explains the rule in conformity with Miles v. International Hotel Co., 289 Ill. 320, 327, 328, 124 N.E. 599 (1919).[5]

Because of the erroneous admission of Exhibit 15 into evidence and the lack of a sufficient instruction on the burden of proof, the judgment is reversed and the cause is remanded for a new trial.

---

4. The instruction provides as follows:
 "If you find that the plaintiff, Celanese Corporation, stored property in good condition with the defendant, Vandalia Warehouse Corporation, and that the property was returned in damaged condition, then the plaintiffs are entitled to recover their damages from the defendant, unless you find that the defendant exercised ordinary care and diligence to prevent damage to the property."

5. Defendant has also objected to several other rulings of the trial judge pertaining to the qualifications of defendant's witness as an expert, testimony concerning repairs made to the warehouse introduced by Celanese, and assertedly improper comments to the jury by the trial judge. We find these arguments without merit as grounds for reversal and further conclude that no elaboration on the law is required in order to prevent error in any retrial.