522 P.2d 1085

Janice M. BRIERLEY, as surviving spouse of Charles S. Brierley, Deceased, and for and on behalf of the surviving child of Charles S. Brierley, Appellant,

v.

The ANACONDA COMPANY, a Montana corporation, Twin Buttes Mine Division, Appellee.

No. 11414–PR.

Supreme Court of Arizona,
In Banc.

June 4, 1974.

Rehearing Denied July 2, 1974.

Davis & Eppstein by Thomas J. Davis, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond by Jack I. Redhair, Tucson, for appellee.

STRUCKMEYER, Justice.

Janice M. Brierley brought this action for and on behalf of herself and the surviving child of Charles S. Brierley against the Anaconda Company, a Montana corporation, Twin Buttes Mine Division, for damages for wrongful death. From a jury's verdict and the judgment thereon in favor of Anaconda, she appeals. The Court of Appeals reversed, 21 Ariz.App. 7, 515 P.2d 34. Opinion of the Court of Appeals vacated and judgment affirmed.

The deceased, Charles S. Brierley, Sr., on January 22, 1971, was a journeyman ironworker employed by Chapman-Dyer Steel Manufacturing Company, an independent contractor. Chapman-Dyer was not a party to this suit. It had contracted with Anaconda to install a modified dust collector system in Anaconda's secondary crusher at its Twin Buttes Mine located approximately 25 miles south of Tucson, Arizona. No target date for completion was set in the contract and Anaconda's work took priority over Chapman-Dyer's.

On the day of Brierley's death, he and two others were to install a twelve-foot long, 14-inch diameter pipe in a dust collector hood located over a moving conveyor belt. In order to fit the pipe in place, it had to be raised by a hoist. This was to be accomplished by passing a cable around the pipe and raising the pipe above the conveyor belt in order to insert it into the top of the dust collector hood. As the pipe was being raised, the cable slipped and the pipe struck Brierley, who was either standing on or mounting the dust collector hood.

Brierley was thrown onto the moving conveyor and before the conveyor could be stopped he sustained injuries from which he died.

The conveyor contained a safety device consisting of a cable running horizontal and parallel to the conveyor belt which, when pulled, stopped the conveyor. This cable, or pull cord as it was sometimes described in the evidence, had been released at the point where the hood was installed from its support at one end and either tied back or thrown back so that it was not operable. One witness expressed the view that if he had been able to pull the cable he might have been able to save Brierley.

The appellant in her brief states that the two main issues in the case are (1) Was the appellee negligent in operating its conveyor belt while men were working near or over the conveyor belt when it knew or should have known that men would be working over the conveyor belt? and (2) Was the appellee negligent in not discovering and repairing the broken pull cord?

The evidence tended to establish that the conveyor was not always in operation during the day shift when Chapman-Dyer was working. Other evidence tended to show that the workmen had been instructed to install scaffolding if they worked over a belt. There was also evidence that planking could have been laid so as to cover "the entire area there." Both scaffolding and planking were available from Anaconda. There was also testimony that it was unnecessary to work over the moving conveyor since there was other work available until the conveyor was not in operation.

The appellant first urges that the trial court erred in giving appellee's requested instruction No. 13 on contributory negligence. The appellant did not, however, object to the giving of the appellee's requested instruction No. 13. She now contends that the giving of the instruction was either a comment on the evidence or was fundamental error.

■ The portion of the instruction of which the appellant complains reads:

"If you find that the deceased was negligent and that such negligence was a proximate cause of his injuries, then your verdict should be for the defendant."

Although appellant strenuously argues this portion of her appeal, we think it unnecessary to point out more than that the specific language used in the court below has been repeatedly accepted as a proper statement of law by this Court. Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448 (1962); Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962); Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968); Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967). We are not convinced we should disturb our former holdings.

Appellant asserts that the trial court erred in instructing the jury in accordance with appellee's requested instruction No. 3 without also giving her requested instruction No. 15. Appellee's instruction No. 3 reads:

"You are instructed that an owner of land who retains general supervision of a construction site has a duty to exercise reasonable care to keep the premises in a reasonable, safe condition for workmen who are working there, and to warn those workmen of any dangers which would unnecessarily expose them to injury. The owner of land has no duty to warn workmen of conditions which are open and obvious."

It is argued that appellee's No. 3 is not a complete statement of the law and is misleading in that there are occasions when the owner of land has a duty to warn workmen of conditions which are open and obvious.

■ Appellant's instruction No. 15 reads:

"I instruct you that a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee, notwithstanding its known or obvious danger. In such cases, the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position, the advantages of doing so would outweigh the apparent risk."

The first paragraph of appellant's requested instruction No. 15 is identical to § 343A(1) of the Restatement of Torts 2d, "Known or Obvious Dangers" and the second paragraph is a part of comment (f) thereto.

It is appellee's position that appellant's instructions Nos. 8 and 14 cover the subject matter of the requested instruction No. 15. Appellant's instruction No. 14 reads:

"I instruct you that a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if he knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and fail to exercise reasonable care to protect them against the danger."

This is the exact language of § 343 of the Restatement of Torts 2d, "Dangerous Conditions Known to or Discoverable by Possessor."

It is evident from the scope of the language used that § 343 includes all the conditions on a possessor's lands, both those which are open and obvious and those which are not. Insofar as applicable to this lawsuit, § 343 provides for liability where a possessor knows of a condition on the land and should expect that invitees will fail to protect themselves if he does not exercise reasonable care to protect them against the danger.

The first paragraph of appellant's No. 15, the black type of § 343A(1), can be restated in the affirmative for comparative purposes. When so restated, it is evident that it provides that a possessor is liable for a condition on the land whose danger is known and obvious if the possessor should anticipate the harm despite such knowledge or obviousness.

It is apparent from an examination of the two instructions that appellee is correct in its position that the concept expressed in the first paragraph of appellant's requested No. 15 is the same as that in appellant's No. 14, at least insofar as §§ 343 and 343 A are applicable to the asserted negligent operation of the conveyor belt.

The second paragraph of appellant's requested instruction No. 15 enlarges upon the first paragraph and is an explanation of the language used in the first paragraph. It is, however, afflicted with the vice that it suggests to the jury that the appellee would be liable if it had reason to expect that Brierley's attention might be distracted or that he would forget the obvious danger of the moving belt. Since the evidence was that Brierley was thrown into the conveyor belt when the cable on the pipe slipped, the instruction invites the jury to speculate that his attention was distracted or that he had forgot-

ten the danger of the moving conveyor. It is the rule that instructions must be based on some theory supported by the evidence in the case, Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971); Tucson Utility Supplies, Inc. v. Gallagher, 102 Ariz. 499, 433 P.2d 629 (1967); Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208 (1961), reversed on other grounds, 91 Ariz. 371, 372 P.2d 708 (1962), and it is reversible error to instruct on a theory which is not supported by the facts since the court thereby invites the jury to speculate as to possible non-existent circumstances, Spur Feeding Co. v. Fernandez, 106 Ariz. 143, 472 P.2d 12, 49 A.L.R. 3d 925 (1970). The second paragraph of appellant's requested No. 15 was properly refused by the court below.

■ The appellant complains of the court's refusal to give her requested instructions Nos. 10, 12 and 13. Appellant's No. 10, in essence, is that it was the duty of defendant to use ordinary care to furnish Brierley with a safe place to work, which duty was not limited to conditions actually known to be dangerous but which might have been found to be dangerous by the exercise of ordinary care. We think the concept covered in appellant's requested instruction No. 10 was adequately conveyed through instructions Nos. 14 and 3, discussed *supra*.

Appellant's requested instruction No. 12 is to the effect that the amount of care which a workman is bound to exercise for his own safety was determined by the rule of reasonable necessity. Since the trial court's instructions Nos. 3 and 14 adequately conveyed to the jury the respective theories of the case, we think appellant's No. 12 was properly refused.

■ Appellant's requested instruction No. 13 deals with a number of concepts such as "mere forgetfulness of a known danger will not bar recovery unless such forgetfulness constitutes negligence under the circumstances." This has no applica-

tion to the facts of the case, since there is no evidence from which it can be inferred that Brierley was injured due to his forgetfulness.

■ The appellant also complains of failure to give her requested instruction No. 24, which is to the effect that while appellant had alleged several allegations of negligence it was only necessary for her to prove one of the allegations in order to sustain her case. We think the instruction is duplicitous. The court adequately instructed the jury that if it found the appellee was negligent and that such negligence proximately caused the deceased's injuries, then it must find for the appellant on the issue of liability.

■ Finally, appellant claims that the court committed error when it refused appellant the right to further cross-examine a witness by the name of Marion Robinson concerning his opinion as to why the safety cord was tied off. The witness, Robinson, was the general mine foreman for Anaconda at Twin Buttes. He was called for cross-examination under Rule 43(g), 16 A. R.S., Rules of Civil Procedure.

At the conclusion of the witness' testimony, both parties announced they had no further examination. The trial judge then asked the witness if he had ever seen a safety cord tied off. The witness answered that the only time he had seen a cord tied off was if it was dangling and it was tied off to get it out of the way. Thereupon, counsel for the appellant proposed to further examine the witness as to why the cord in the instant case would have been tied off.

We think the court's refusal to permit any further examination along these lines was correct. The witness indicated that he was not present and consequently did not know exactly why the pull cord was tied off on the date of the accident. Hence, it was plain that he could only give an opinion. This opinion would have been pure speculation and would have invaded the

province of the jury. The court's refusal to allow any additional questions by appellant's counsel was not error.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.