Daisy WOLF, Plaintiff and Appellant,

v.

Ellery and Nancy GRABER, d/b/a The Milk Bottle, Defendants and Appellees.

No. 13180.

Supreme Court of South Dakota.

Argued Jan. 13, 1981.

Decided March 18, 1981.

Thomas W. Parliman of Parliman & Parliman, Sioux Falls, for plaintiff and appellant.

Laird Rasmussen of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendants and appellees.

HENDERSON, Justice.

### ACTION

This is an appeal by Daisy Wolf (appellant) from a judgment of the trial court in favor of Ellery Graber and Nancy Graber, d/b/a The Milk Bottle (appellees), following, and consistent with, a jury verdict. Appellant had sought damages under a theory of negligence. We reverse and remand for a new trial.

### FACTS

At the time of trial, appellant was an 86-year-old widow living in Sioux Falls. Appellees owned and operated a retail dairy-grocery business also located in Sioux Falls. The store building itself was leased to appellees. There are two entrances to the store: one in front facing the street and sidewalk, and another in the rear, which is used primarily as a service entrance. The

rear door swings inward; immediately inside, there are six steep steps heading down to the rear level of the store.

During the afternoon of August 4, 1978, appellant approached the front entrance of the store in anticipation of shopping therein, as she had done on several previous occasions. Prior to entering the store, appellant noticed a workman near the front entryway holding a paint brush and bucket of paint. She also saw a sawhorse facing the street near the front door. Appellant testified as follows: "I went toward the store, and I was going to go in and I approached the door, and a man said, you can't go in that way, the painter said that. I said, why. He said, I'm painting. You'll have to go around to the back door and go in that way."

Accordingly, appellant went around to the back of the store and opened its rear door. She had never previously used this rear entrance and was totally unfamiliar with the doorknob, door, and steps. Appellant testified at trial that as the door opened, she was unable to see inside the store. Appellant maintains that as the door swung open, it pulled her in and caused her to land on her left side and back upon the wooden floor at the bottom of the stairs. As a result of this fall, appellant sustained a compound fracture of her left shoulder. Appellant was carrying her purse and a shopping bag when the incident occurred. Sometime before the arrival of appellant at the store, appellees had received a delivery at the rear entrance. Neither appellees nor their employees checked to see if the rear door was locked subsequent to the delivery. It was a general policy of appellees to keep the rear door locked.

On the day of appellant's injury, the store was being plastered and stuccoed by Richard Bonrud and his crew at the request of the owner of the building (appellees' landlord). Approximately three workmen were assisting Bonrud. Bonrud testified that on the day of the accident, after he had told Mary Brown (an employee of appellees and the mother of appellee Nancy Graber) that the front entrance of the store would be blocked off for about 30–45 minutes, she told him to direct customers to the rear entrance. Bonrud also testified, however, that to his knowledge, none of his employees instructed appellant to use the rear door. Mary Brown and Vivian Busch, also a store employee, both testified that they did not tell Bonrud or any of his crew to direct customers to the rear of the store. In any event, a factual question was created on this issue.

In June of 1978, a sign saying WATCH YOUR STEP was removed by workmen from the wall near the rear door due to. some remodeling. This sign was never replaced.

### ISSUE

Based upon the evidence presented, did the trial court erroneously instruct the jury? We hold that it did and our reasons are detailed below.

### DECISION

■ A trial court is to present only those issues to the jury by way of instruction which find support by competent evidence in the record. *Olesen v. Snyder*, 277 N.W.2d 729 (S.D.1979); *Miller v. Baken Park, Inc.*, 84 S.D. 624, 175 N.W.2d 605 (1970), mod. 85 S.D. 133, 178 N.W.2d 560 (1970). A trial court's refusal to give a requested instruction setting forth the applicable law constitutes prejudicial error. *Miller v. Baken Park, Inc.*, supra.

■ Appellant contends that the trial court erred in refusing to accept her Proposed Jury Instruction No. 1, which reads:

More than one person may be responsible for causing injury to another. If you find that the defendant was negligent and that his negligence was a proximate cause of the accident involved herein, it is not a defense that some third person, not a party to this action, was or may have been partly responsible. Therefore, if you find the defendant was negligent, and that but for his negligence the accident would not have happened, he cannot be relieved of any liability to the plaintiff by claiming that somebody else, not a party to this action, was in part at fault.

This instruction is from South Dakota Pattern Jury Instructions, Volume 1, § 12.04, the comment to which reads:

> This instruction should be given only when there might be a basis for a contention that a third person, not a party, was in part at fault for the accident or injury. When the parties include all who may be responsible, the situation will be covered in other instructions. This instruction should not be used where the third person was acting as the agent to the defendant.

Although Bonrud was originally named a party defendant, a judgment of dismissal was entered approximately three months before trial which severed Bonrud's legal adhesion to this case.

We believe the evidence presented in this case warrants the submitting of appellant's Proposed Instruction No. 1. As previously indicated under FACTS, supra, there was evidence presented to the jury which indicated that a third party (Bonrud or one of his workmen) may have been concurrently negligent in causing appellant's injuries. Indeed, appellees relied upon the negligence of this third party in attempting to persuade the jury that appellees were not negligently responsible for appellant's injury. This is evidenced by the closing and damaging argument of appellees' counsel, where he stated to the jury:

> If, in fact, there hadn't been [a conversation between appellees' employees and Bonrud or his workmen] maybe Mr. Bonrud or his employee are the real parties responsible for this whole thing. . . . [W]hat's happened there is that unfortunately [appellant] and her counsel have sued the wrong party . . . . Maybe that individual who was out there directing traffic, if you will, to the back door maybe that's really the culprit in this whole thing. And, you see, except for that direction this whole thing would never have happened and we wouldn't be here.

The facts of this case justified an instruction on concurrent negligence. Accordingly, we hold that the trial court erroneously rejected appellant's Proposed Instruction No. 1.

■ Secondly, appellant contends that the trial court, by submitting Instruction No. 17 to the jury, erroneously required her to prove that appellees' negligence was the *sole* proximate cause of her injury. Jury Instruction No. 17 (emphasis supplied) provides:

> If you find that the defendants were negligent and that defendants' negligence was the *sole* proximate cause of injury to the plaintiff, then your verdict should be for the plaintiff and against the defendants for all damages plaintiff has sustained thereby.
>
> If you fail to so find, or if you find the plaintiff was guilty of contributory negligence, then your verdict should be for the defendants without damages, unless you also find that the contributory negligence, if any, of plaintiff was slight in comparison with the negligence, if any, of defendants, in which case you would then return a verdict for plaintiff reducing plaintiff's damages in the proportion you find that plaintiff's negligence contributed to cause such damages.

Jury Instruction No. 17 does not correctly state the law of proximate cause in South Dakota. In *Schmeling v. Jorgensen*, 77 S.D. 8, 19, 84 N.W.2d 558, 564 (1957), we stated: "And, of course, negligence, to render a person liable, need not be the sole cause of injury, but it is sufficient that his negligence concurring with one or more efficient negligent acts of third persons, is a proximate cause of the injury." *See Leslie v. Bonesteel,* 303 N.W.2d 117 (S.D.1981); *Goff v. Wang,* 296 N.W.2d 729 (S.D.1980); *Williams v. United States,* 450 F.Supp. 1040 (D.S.D.1978). Furthermore, Jury Instruction No. 17, when coupled with the lack of instruction on concurrent negligence, compounds the trial court's error of premising recovery upon a showing that appellees' negligence must be the sole proximate cause of appellant's injury. We hold that the trial court erred by submitting Instruction No. 17 to the jury.

■ Appellant also contends that the trial court erred in submitting Jury Instruction No. 9, which reads:

368

It is the law that a person cannot be heard to complain of a dangerous condition, situation or conduct when such person with knowledge thereof voluntarily places herself in a position, or voluntarily continues in a position where she knows of hazard or injury or damage to herself from such dangerous condition, situation or conduct. In such a case, such person is deemed to have assumed the risk of such injury or damage and is not entitled to any recovery for the same.

The question of whether a plaintiff has assumed the risk is for the jury, provided there is evidence to support it. *Thomas v. St. Mary's Roman Catholic Church,* 283 N.W.2d 254 (S.D.1979).

It is well-established that in order to support an assumption of the risk defense under South Dakota law, the defendant must show that the plaintiff not only had knowledge of the existence of the danger involved (actual or constructive), and an appreciation of its character, but additionally, that he voluntarily accepted such risk, i. e., [the plaintiff] had a sufficient amount of time, knowledge, and experience to make an intelligent choice.

Id. at 259 (citations omitted).

■ Appellees argue that the following factors constituted sufficient evidence to warrant the giving of an assumption of risk jury instruction: (1) Appellant frequented the store often (although we note that she had at all times previous to the accident used the front entrance); (2) the obvious elevation differential between the front and rear of the store; and (3) her awareness of her own physical infirmities. We do not believe these factors indicate that appellant could have had actual or constructive knowledge of the dangerous situation created by entering the rear door of the store. Accordingly, the trial court's use of Jury Instruction No. 9 was erroneous.

■ We agree with appellant's contention that the trial court erred in refusing to give her Proposed Jury Instruction No. 9, which reads:

A store owner is liable to an invitee for harm caused on the premises by the accident or negligent acts of third persons if the store owner failed to use reasonable care to:

(a) Discover that such accidental or negligent acts are done or might be done, and

(b) Failed to give adequate warning or otherwise protect the invitee from such harm.

As previously stated, the jury was presented with a factual question as to whether appellees knew, or should have known, that a workman might direct appellant to the rear door of the store. If, in fact, the jury did determine that appellees should have foreseen the workman's actions, the jury could have indulged in a finding of liability to appellant, a business invitee. *See Nicholas v. Tri-State Fair & Sales Association,* 82 S.D. 450, 148 N.W.2d 183 (1967). Appellant's Proposed Instruction No. 9 should have been submitted to the jury.

■ Finally, for the benefit of the trial court on remand, we agree with appellant's contention that the prejudicial quality of any testimony regarding a fall which appellant suffered in the autumn of 1977 outweighs its probative value.

The judgment of the trial court is reversed and the case is remanded for a new trial consistent with this opinion.

All the Justices concur.