Monica BALLARD, Executrix of the Estate of Leo Ballard, Deceased, and Monica Ballard, on Her own Behalf, Plaintiff and Appellant,

v.

HAPPY JACK'S SUPPER CLUB, Mary Ann O'Malley, Larry O'Malley, Betty O'Malley and Eldora O'Malley, Defendants and Appellees.

No. 15649.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1988.

Decided June 15, 1988.

Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiff and appellant.

Steven M. Johnson and Michael F. Marlow of Brady, Reade & Johnson, Yankton, for defendants and appellees.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES ON APPEAL

Monica Ballard (Appellant) initiated a negligence action against Happy Jack's Supper Club and the partners (O'Malleys) who owned it, after her husband, Leo Ballard (Ballard), now deceased, fell in the Club's parking lot, breaking both of his arms. A jury trial was held in the circuit court for Yankton County. Verdict was returned for the defendants. Appellant alleges error below, creating two issues on appeal:

(1) The refusal of the trial court to supplement jury instructions concerning a landowner's duty of care toward a business invitee; and,

(2) Use of an assumption of risk instruction.

We reverse and remand on the basis of Issue (1).

### FACTS

At approximately 10:00 p.m. on September 3, 1983, Ballard, Appellant, and two friends, Mr. and Mrs. Manning, stopped at

the Club for a late dinner. They attended a football game earlier, and each consumed several alcoholic drinks before their arrival at the Club. The Club's parking lot contained a number of white parking curbs, placed parallel to the walkway along the side of the building. At the time the group arrived, the lot was well lighted. On his way from the car to the entrance, Ballard did not pass over any of the curbs, which he nonetheless knew were in place from prior visits.

Ballard had a drink before and after his meal. After dinner, at about 1:00 a.m., the Ballard party left the Club, Ballard himself trailing behind the others as he had lingered to pay the bill. The others testified that they had no difficulty seeing their way to the car, although the Club's parking lot floodlights and neon advertising sign had been extinguished earlier to signal potential customers that the Club's grill was closed for the night.[1] Ballard, however, fell, having tripped over one of the parking curbs, which he later expressed in a written statement that he had not seen, although he was aware of their presence.

At this point, we note that Ballard was a diabetic who had some loss of feeling in his lower legs. He seems to have had some difficulty in moving around. He also had arthritis, stemming from injuries incurred in previous falls. Because of his poor health, especially the diabetes, he had been instructed by doctors not to drink alcohol, but continued to do so on a regular basis. No testimony was given indicating that he was intoxicated or disoriented in any way at the time of the incident in question, although he had consumed four or five alcoholic drinks over the course of the evening (from before the game, until his after-dinner drink). Ballard died of cancer before trial.

Appellant asserted that the O'Malleys were negligent in turning off lights before Ballard, a business invitee, left the Club that night; and it was this act which caused Ballard's fall and injuries. O'Malleys defended themselves by denying negligence and pleaded the affirmative defenses of contributory negligence and assumption of risk. A jury trial ensued, during which Appellant's counsel objected to court's jury instruction concerning a landowner's duty to business invitees (No. 23), arguing that it was an incomplete statement of the law. Counsel offered a handwritten instruction of his own, which the court refused on the ground that it was not in compliance with the statute (SDCL 15–6–51(a)) prescribing the physical format and procedure for submission of such instructions. Defense counsel did not offer to waive the statutory requirements. Appellant's counsel also objected to two jury instructions setting forth the assumption of risk defense. These objections were based on an alleged lack of evidence to support such a theory. The court disagreed, whereupon these instructions went to the jury. After an arduous trial, with able/experienced counsel trying the facts, the jury returned a verdict for defendants.

## DECISION

### I. INSTRUCTION NO. 23—REGARDING LANDOWNERS' DUTY OF CARE

Appellant argues that the court's instruction concerning a landowner's duty of care was incomplete. We agree; however, to reach the merits of this issue, we must first consider the threshold question of Appellant's failure to comply with the requirements of SDCL 15–6–51(a), which provides in part:

All requests for instructions shall be in writing and in duplicate, and shall be presented to the court on or before the time fixed for settling instructions.... [C]ounsel shall furnish to the judge the original of each such requested instruction and such originals shall not be numbered, and shall not in any way show that they are requested instructions, but

1. Testimony conflicted as to how many lights were left on at the time Ballard left. Ballard wrote that there was only a single dim light ("like a nightlight") at the door. Appellant testified that a light was on at the door. Mrs. Manning stated, in her deposition, that there were no outside lights at all. Mr. O'Malley testified that there were four 75–watt bulbs lit over the door, and five 75–watt floodlights shining along each side of the building.

shall have at the top of each instruction a space for numbering. Such original requested instructions shall be typed, double-spaced, on letter-size, bond paper in such form that the judge can insert the original requested instruction in the set to be used by the jury in the event the instruction is adopted by the court. . . . An additional numbered copy of each requested instruction shall be furnished to opposing counsel.

The court shall in no case qualify, modify, or in any manner explain to the jury any written instruction given, unless such qualification, modification, or explanation shall first have been reduced to writing and made a part of such instruction and settled.

. . . .

In all cases the instructions shall be taken by the jury in their retirement, and returned into court with their verdict. No instruction taken by the jury shall be marked so as to indicate it was requested.

■ In *State v. Greene*, 86 S.D. 177, 192 N.W.2d 712 (1971), this Court rejected *orally* requested instructions, holding that statutory requirements must be substantially complied with. *Greene*, 86 S.D. at 185, 192 N.W.2d at 716–17 (*Greene* specifically dealt with SDCL 15–6–51(b)). As to the meaning of "substantial compliance" in reference to SDCL 15–6–51(a), this Court has recently condoned a trial court's handwritten fifteen-word amendment to a jury instruction. *See State v. Reed*, 387 N.W.2d 10, 14 (S.D. 1986). This is an obvious relaxation of the typewritten requirement and was birthed for spirit of the law vis-á-vis letter of the law. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." SDCL 23A–44–14; *Reed*, 387 N.W.2d at 13. Pertinent to our inquiry, we note *Katch v. Speidel, Div. of Textron, Inc.*, 746 F.2d 1136 (6th Cir.1984):

Even if an incorrect proposed instruction is submitted which raises an important issue of law involved in light of proof adduced in the case, it becomes the duty of the trial court to frame a proper instruction on the issue raised, and the court's instruction may then be considered on appeal. *Celanese Corp. of America v. Vandalia Warehouse Corp.*, 424 F.2d 1176 (7th Cir.1970); *Messer v. L.B. Foster Co.*, 254 F.2d 412, 414 (5th Cir.1958); *Westchester Fire Ins. Co. v. Hanley*, 284 F.2d 409, 418 (6th Cir.1960).

> The judge generally has a duty to frame a requested instruction properly and to submit it to the jury where the legal principle is necessary to the proper determination of the case.

*Jones v. Miles*, 656 F.2d 103, 107 n. 6 (5th Cir.1981).

*Katch*, 746 F.2d at 1139.[2] Under South Dakota law, the judge is charged with the duty to instruct the jury as to the law of the case. SDCL 15–6–51(a). As Appellant's handwritten instruction, per *Reed*, could have formed the basis for amendment of the court's jury instruction, we must examine the substance of the instructions given and proposed.

The gravamen of Appellant's argument, on court's Instruction No. 23, is that the court failed to inform the jury that a landowner's duty of reasonable care toward a business invitee[3] (which Ballard unquestionably was) is not necessarily extinguished even if the invitee knew of the dangerous condition on the land that caused invitee's harm. Appellant's handwritten proposed instruction reads:

> Where a possessor of business property has reason to expect that a business invitees' attention may be distracted so that he will not discover what is obvious, or will forget what he has discovered or fail to protect himself against it, then the possessor of the property is not relieved

---

**2.** *Katch* also indicates, however, that federal courts accept orally requested instructions. Federal standards are less formal than required in this state.

**3.** This duty of reasonable care is the highest duty owed any entrant upon land. *See Annot., Modern Status of Rules Conditioning Landowner's Liability Upon Status of Injured Party as Invitee, Licensee, or Trespasser*, 32 A.L.R.3d 508, 517–18 (1970).

of the duty of reasonable care which he owes to the invitee for his protection.

This instruction parallels, not precisely, the Restatement (Second) of Torts § 343A(1) comment f (1965), which was discussed at length in *Mitchell v. Ankney*, 396 N.W.2d 312 (S.D.1986). The full text of Restatement (Second) of Torts § 343, detailing the landowner's duty to a business invitee, provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) *should expect that they will not discover or realize the danger, or will fail to protect themselves against it,* and
>
> (c) fails to exercise reasonable care to protect them against the danger. (Emphasis supplied.)

Comment (a) to this section directs that § 343 should be read together with § 343A (known or obvious dangers), which serves to limit the landowner's liability. Section 343A(1) reads as follows:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* (Emphasis supplied.)

The instruction used by the trial court (No. 23) failed to note the "limitation to the limitation" emphasized above. The relevant part of Instruction No. 23 was as follows:

> The jury is further instructed that the possessor of land is not an insuror [sic] of the safety and welfare of an invitee, and thus an owner or occupier of the premises may not be liable for injuries where the dangerous condition is known or obvious to the invitee.

The word "known" denotes not only knowledge of the existence of the condition, but also appreciation of the danger it involves. Thus the condition must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threat and harm must be appreciated.

"Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable person in the position of the invitee, exercising ordinary perception, intelligence and judgment.

 The jury was not instructed that Ballard's knowledge of the danger did not necessarily extinguish the landowner's duty of care toward his invitee. Therefore, Instruction No. 23 was not a complete instruction. The "unless" language of § 343A(1), as explained in comment (f), was deleted.

The instructions, when read as a whole, were inadequate, and gave the defendants an unfair advantage. The jury was presented with sufficient facts to permit a finding that Ballard might have hurried, where he had lingered after the others to pay the bill, and the others were already in the car, waiting. While there was no direct distraction present, as in *Mitchell,* where the garden hose may have been missed by a person spoken to at the key moment, making Appellant's proposed instruction excessive,[4] the circuit court's attention was drawn to the key concept missing from Instruction No. 23. The circuit court is reversed on this issue.

## II. ASSUMPTION OF RISK

Appellant objected to the jury instructions pertaining to the doctrine of assump-

---

4. In *Brierley v. Anaconda Co.,* 111 Ariz. 8, 522 P.2d 1085 (1974), the Arizona Supreme Court rejected a similar proposed instruction taken verbatim from § 343A(1) comment f, where there was no evidence of distraction, as such an instruction would invite the jury to speculate. The *Brierley* jury, however, had been given an instruction based on the language of § 343, regarding the expectation that an invitee might fail to protect himself, that is totally lacking here.

tion of risk, as, she asserts, it was not supported by the evidence. We disagree.

 The test of the assumption of risk doctrine's applicability is set out in *Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981). A defendant must show: (1) The plaintiff (Ballard, in this case) had actual or constructive knowledge of the risk; (2) an appreciation of its character; and (3) voluntary acceptance of the risk, having had the time, knowledge, and experience to make an intelligent choice. *Wolf*, 303 N.W.2d at 368. On the facts of this case, where Ballard admitted he knew of the curbs, he had noticed the darkness, he had been injured by previous falls, and he could have avoided the curbs altogether by taking the same route to the car as when he had entered, the defendants must be regarded as having passed the *Wolf* test. There was evidence sufficient to reach the jury on the matter. "Ordinarily, questions of negligence, contributory negligence and assumption of risk are for the jury, provided there is evidence to support them." *Stenholtz v. Modica*, 264 N.W.2d 514, 517 (S.D.1978).

Therefore, an assumption of risk defense was applicable and the instructions were justified. We reverse the trial court solely on the legal substance of Instruction No. 23. We recognize Appellant's proposed instruction was itself, in form and substance, flawed to some degree, but certainly sufficient to draw the trial court's attention to law essential to the jury's proper consideration of the case.

Reversed and remanded.

MORGAN and SABERS, JJ., concur.

MILLER, J., concurs specially.

WUEST, C.J., concurs in part and dissents in part.

MILLER, Justice (concurring specially).

I concur with the majority opinion.

The sole purpose of this writing is to respond to the special writing of Chief Justice Wuest. Although I agree with the concerns expressed by the Chief Justice, I believe those concerns are misplaced in this case.

Admittedly, appellants' counsel failed to comply with the procedural requirements regarding proposed instructions. However, the trial court undertook to inadequately and incompletely instruct on the law (as indicated by the majority) after timely and proper objection was made by appellants' counsel. Under the settled law of this state, the trial court has committed prejudicial error by failing to fulfill its duty to instruct on the applicable law of the case. *Wang v. Wang*, 393 N.W.2d 771 (S.D.1986); *Runge v. Prairie States Ins. of Sioux Falls*, 393 N.W.2d 538 (S.D.1986); *Kappenman v. Action Inc.*, 392 N.W.2d 410 (S.D.1986); *Wheeldon v. Madison*, 374 N.W.2d 367 (S.D.1985); *Rosenberg v. Mosher*, 331 N.W.2d 79 (S.D.1983); *Black v. Gardner*, 320 N.W.2d 153 (S.D.1982). Therefore, it is appropriate for us to review the trial court's instructions and to reverse and remand for a new trial.

WUEST, Chief Justice (concurring in part and dissenting in part).

I dissent. In 1966, this Court adopted SDCL 15–6–51(a) providing that requested instructions "... shall be typed, double-spaced, on letter-size, bond paper[.]" Counsel failed to comply with this rule. The trial court applied the rule adopted by this Court. Now, the majority reverses the trial judge for following our rule and decision in *Greene*, 86 S.D. at 185, 192 N.W.2d at 716–17 (1971) (*citing Reed*, 387 N.W.2d at 13). The majority's reliance on *Reed* is misplaced. In *Reed*, defense counsel acquiesced in the handwritten addition to the instructions. We said, "[a] defendant should not be permitted to quietly acquiesce, thereby preserving an error for later use in the event of an adverse verdict. Our rules provide that an objection must be made when the instructions are settled, otherwise error is not preserved." We further held that the handwriting was harmless error. SDCL 23A–44–14. The facts in this case are entirely different. Here, the trial judge refused to accept an instruction in violation of our rules. Neither the Court nor defense counsel acquiesced. I am concerned this decision will wreak havoc with

the rule leaving the trial courts and the Bar in utter confusion. If the rule is too harsh, let us change it by adopting a new or amended rule.

In all other aspects, I concur with the majority opinion.