**Patricia A. JONES, Plaintiff and Appellee,**

v.

**KARTAR PLAZA LTD., Defendant and Appellant.**

No. 17730.

Supreme Court of South Dakota.

Considered on Briefs May 29, 1992.

Decided Aug. 19, 1992.

Robert L. Jones, Sioux Falls, for plaintiff and appellee.

Mark J. Welter of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellant.

PER CURIAM.

Kartar Plaza Ltd. (Plaza) appeals a judgment in favor of Patricia Jones (Jones) in her negligence action for damages to her car arising out of a collision in a shopping mall parking lot. We reverse.

### FACTS

Plaza owns a shopping mall in Sioux Falls, South Dakota. On February 5, 1991, Jones was driving through the mall's park-

ing lot on her way to a post office located at the mall. As Jones approached a left turn in one of the driveways, she glanced to her right, noticing a new store she had not previously seen at the mall. When Jones turned the steering wheel to make her turn, her car struck one of three guard posts surrounding a fire hydrant placed in the parking lot.

Jones' car was damaged in the amount of $1,758.75. On April 30, 1991, she filed a summons and complaint against Plaza alleging her collision with the fire hydrant:

> was proximately caused by the negligence and lack of due care of [Plaza] in that [Plaza] knew or in the exercise of ordinary care should have known that such hydrant and the barriers surrounding the same would and did create an unreasonable risk of harm to persons or property.

Plaza answered raising contributory negligence as an affirmative defense.

The matter was tried to the court on September 11, 1991. Thereafter, the trial court entered findings of fact and conclusions of law, finding the collision was, "proximately caused [by] the negligence and lack of due care on the part of [Plaza] in failing to properly maintain its parking lot and keep the same free from hazards to the traveling public and business invites [sic]." Thus, the trial court held Jones was entitled to recover from Plaza for the damages to her car. A judgment was entered in Jones' favor on September 23, 1991 and Plaza appeals.

## ISSUE ONE

### WHETHER THE TRIAL COURT'S FINDING OF NEGLIGENCE BY PLAZA IS CLEARLY ERRONEOUS?

■ Plaza essentially argues that the trial court was clearly erroneous in finding it negligent, because the evidence establishes any danger to Jones from the fire hydrant and guard posts was known or obvious to her. We agree.

■ "Generally, negligence is a question of fact for determination by a jury." *First Western Bank v. Livestock Yards*, 444 N.W.2d 387, 390 (S.D.1989). Here, however, the trial was to the court and not to a jury. Thus, we review the trial court's finding of fact on Plaza's negligence under the clearly erroneous standard. *See, Temple v. Temple*, 365 N.W.2d 561 (S.D.1985) (Supreme Court reviews trial court's findings of fact under clearly erroneous standard). *Accord, Chamberlain Livestock Auction v. Penner*, 462 N.W.2d 479 (S.D. 1990).

> In applying the clearly erroneous standard, this court's function is not to decide factual questions de novo. The question is not whether this court would have made the same findings the trial court made, but whether on the entire evidence this court is left with a definite and firm conviction that a mistake has been made. The trial court's findings of fact are presumptively correct and the burden is upon the appellant to show error.

*Temple*, 365 N.W.2d at 565 (citations omitted). Here, we are left with just such a conviction that a mistake has been made.

This court has long recognized Restatement (Second) of Torts § 343 (1965) as providing the applicable guidelines for the duty owed by a possessor of land to a business invitee. *See, e.g., Ballard v. Happy Jack's Supper Club*, 425 N.W.2d 385 (S.D.1988); *Mitchell v. Ankney*, 396 N.W.2d 312 (S.D.1986); *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978). In *Stenholtz*, we outlined those guidelines as follows:

> As a general rule, the possessor of land owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for the breach of such duty. The defendant, however, relies on the exception to this general rule applied when injuries result from dangers that are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." Restatement, Second, Torts, § 343 A(1) summarizes the exception this way:
>
> > "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on

the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

*Stenholtz,* 264 N.W.2d at 516–17.

The clear weight of the evidence in this case establishes that any harm caused to Jones' vehicle by the fire hydrant and guard posts was the result of a danger that was obvious to her.

"The word ... '[o]bvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment."

*Stenholtz,* 264 N.W.2d at 517 (quoting, Restatement (Second) of Torts, § 343 A(1) cmt. b (1965)). Or, as the Minnesota Court of Appeals has perhaps better summarized the test, "whether [the danger] was in fact visible." *Lawrence v. Hollerich,* 394 N.W.2d 853, 855 (Minn.Ct.App.1986). This statement is in accord with the inquiry we established in *Mitchell, supra,* for determining whether a garden hose that caused a fall on some residential property was an "obvious" danger. We held that the jury would have to determine, "if the hose was so obvious that a reasonable invitee should have seen it." *Mitchell,* 396 N.W.2d at 315.

Here, Jones' own testimony established that the fire hydrant and guard posts were two and one-half feet tall, painted with a bright yellow paint, and situated on a dark-colored driving surface. Jones also conceded the accident occurred in the daylight hours on a warm, sunny day in February. As for Jones' contentions concerning concealment of the hydrant and posts behind a row of parked cars, Jones' own evidence established the last painted parking stall for that row of cars ended some twenty feet from the hydrant and guard posts. Other evidence fixed that distance at closer to twenty-five to thirty feet. The evidence also established some forty feet of open driving space on the other side of the hydrant and posts. Thus, as Plaza's counsel submitted during trial, the hydrant and

posts stuck out, "like a sore thumb." Given the open and notorious color and placement of the hydrant and posts, it is clear their presence was so obvious that any reasonable invitee should have seen them.

An identical conclusion was reached by the Texas Court of Civil Appeals in *Williams v. Firestone Stores, Div. of Fire. T. & R. Co.,* 438 S.W.2d 645 (Tex.Civ.App. 1968). In *Williams,* the plaintiff was injured when the car she was riding in collided with a concrete light post base * about two and one-half feet in height. As in this case, the concrete pillar was sitting in the defendant's shopping center parking lot. The plaintiff filed suit against the defendant for damages. The defendant contended the pillar was an open and obvious hazard and could or should have been seen by any person keeping an ordinary look out; that it had no duty to warn the plaintiff or the driver of the car of such an open and obvious condition; and, that it was not guilty of any affirmative act or misconduct which caused the driver to run into the pillar. Summary judgment was granted for the defendant. On appeal, the plaintiff contended a question of fact existed as to whether or not the defendant was negligent in failing to warn the plaintiff of the presence of the pillar. The Texas Appellate Court affirmed, concluding the pillar was an open and obvious hazard.

The trial court based its determination of negligence on this court's decision in *Miller v. Baken Park, Inc.,* 84 S.D. 624, 175 N.W.2d 605 (1970). In *Miller,* the plaintiff's vehicle collided with a tree located in a driveway in the defendant's shopping center parking lot. The collision occurred on a misty, gloomy night in the midst of a storm. The driver testified that despite the fact his windshield wipers were working and he had the headlights on, he could not see the tree because of the black asphalt and because everything was so black, the tree trunk blended with the night. Under these facts, we found the defendant negligent in allowing the tree to remain in the driveway with no reflectors or other warning devices.

---

\* The metal standard had been removed from the light post base.

In the present case, the yellow hydrant and barriers were approximately two and one-half feet high, were yellow in color and were offset by the dark black asphalt of the parking lot. In contrast with *Miller*, we fail to perceive what reasonable, additional warning device or devices Plaza might have employed to ward drivers away from the fire hydrant and guard posts. Moreover, the trial court's findings of fact offer no insight on this question. While the trial court found Plaza negligent in failing to properly maintain its parking lot, it entered no foundational findings on the specific manner in which Plaza failed to properly maintain the lot. While we acknowledge that, "a trial court's findings should include ultimate, not evidentiary, facts[,] ... findings cannot be so general that they do not cover matters which must be stated in the pleadings." *Donohue v. Jennings*, 334 N.W.2d 683, 684 (S.D.1983). Or, as the North Dakota Supreme Court has expressed, "[t]he trial court must specifically state the subordinate facts upon which its ultimate factual conclusions rest.... Findings of fact and conclusions of law should be stated with sufficient specificity to assist us in our review and to afford a clear understanding of the trial court's decision." *Radspinner v. Charlesworth*, 346 N.W.2d 727, 730 (N.D.1984). Here there are no subordinate facts in the trial court's findings upon which it could base its ultimate factual conclusion that Plaza was negligent in its maintenance of the parking lot. Thus there are no subordinate findings on what additional steps Plaza might have taken to avoid an accident of the sort that occurred here and this readily distinguishes this case from *Miller, supra.*

Based upon the above analysis, we conclude the fire hydrant and guard posts in Plaza's parking lot were an obvious danger and that Plaza is not liable to Jones for the damages to her vehicle caused by her unexplained collision with them.

Having determined Plaza is not liable for the damages to Jones' car, we find it unnecessary to reach Plaza's contentions concerning Jones' contributory negligence.

Reversed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.